803 P.2d 993

SUN VALLEY SHOPPING CENTER, INC., d/b/a Atkinson's Market, an Idaho corporation, Continental Casualty Company (as Subrogee of Pek Corporation d/b/a Chateau Drugs, an Idaho corporation), Plaintiffs–Appellants,

and

John B. McCabe, individually, Real Party in Interest–Appellant,

v.

IDAHO POWER COMPANY, a Maine corporation, Defendant–Respondent.

UNIGARD INSURANCE COMPANY (as Subrogee of Nancy's Beauty Shop), Unigard Insurance Company (as Subrogee of William J. Boaz and Pamela S. Boaz d/b/a Ketchum Nutrition Center), Plaintiffs–Appellants,

and

John B. McCabe, individually, Real Party in Interest–Appellant,

v.

IDAHO POWER COMPANY, a Maine corporation, Defendant–Respondent.

GIACOBBI SQUARE, a Joint Venture, a Partnership, By and Through its Partners, Frank Pearson, Joseph Humphreys, Stanton Atkinson, and Don Atkinson, Capitol Investments, a General Partnership, by its Partners Ron Sharp and Robert (Bob) Fenzl, Industrial Indemnity (as Subrogee of D.C.I. Group Companies, Inc. a/k/a Design Concepts, Inc., and Design Concepts, Inc., a Corporation, Arnie Egilsson and Dorette Egilsson d/b/a The Icelander, U.S. Fidelity & Guaranty Co. (as Subrogee of Desimo, Inc. d/b/a Carrolls), Terry Kent Sturges d/b/a Kids Stuff, U.S. Fidelity & Guaranty Co. (as Subrogee of Ann Hellwig d/b/a Put On's), Kim Piotter d/b/a Undercover Agency, Allied Mutual Insurance Company, an Iowa corporation, f/k/a Aid Insurance Company (Mutual), as Subrogee of Mountain Tops of Sun Valley, Inc., a Corporation, and John and Shirley Christensen, Plaintiffs–Appellants,

and

John B. McCabe, individually, Real Party in Interest–Appellant

v.

IDAHO POWER COMPANY, a Maine corporation, Respondent.

Nos. 17434, 17435.

Supreme Court of Idaho, Boise, May 1990 Term.

Jan. 2, 1991.

Quane, Smith, Howard & Hull, Boise, for plaintiffs-appellants, Sun Valley Shopping Center, Unigard and Giacobbi Square Shopping Center. Mr. Thomas H. Lopez argued.

E. Lee Schlender, Chartered, Hailey, Clausen, Miller, Gorman, Caffrey and Witous, PC, Chicago, Ill., for real party in interest-appellant McCabe. Mr. James T. Ferrini argued.

Risch, Goss, Insinger & Salladay, Boise, for defendant-respondent. Mr. G. Lance Salladay argued.

THE PREVIOUS OPINION ISSUED AUGUST 7, 1990, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED ON DENIAL OF REHEARING THEREFOR.

JOHNSON, Justice.

These appeals concern awards of costs and attorney fees against plaintiffs and one of their attorneys who unsuccessfully brought and pursued a lawsuit for damages caused by a fire.

In resolving the issues presented, we hold:

1. The trial court did not abuse its discretion in awarding discretionary costs against the plaintiffs pursuant to I.R.C.P. 54(d)(1)(D).

2. It is not necessary for us to address the award of costs pursuant to I.R.C.P. 68. This award duplicated the other awards of costs against the plaintiffs.

3. The trial court did not abuse its discretion in awarding attorney fees against the plaintiffs pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) on the grounds that the case was brought and pursued by the plaintiffs frivolously, unreasonably, and without foundation.

4. The trial court abused its discretion in awarding attorney fees and costs against one of the attorneys for the plaintiffs pursuant to I.R.C.P. 11(a)(1).

## I. THE BACKGROUND AND PRIOR PROCEEDINGS.

In 1983 the Sun Valley Shopping Center was damaged by fire. Tenants in the shopping center and insurance companies that insured owners of the shopping center and its tenants filed three lawsuits against Idaho Power Company (IPC), alleging that IPC was responsible for the fire. The cases were consolidated for trial.

IPC filed an offer of judgment offering to allow judgment of $5,000.00 to be entered against IPC in each of the three cases. The plaintiffs did not accept this offer. Before trial, IPC moved for summary judgment. The trial court denied this motion on the ground that there were factual issues to be resolved.

The case proceeded to a jury trial. At the conclusion of the plaintiffs' case in chief, IPC moved to dismiss the complaints. The trial court denied this motion. The jury returned a verdict in favor of IPC, and judgment was entered. No appeal was taken from the judgment.

IPC moved for costs and attorney fees against the plaintiffs and their attorneys. The trial court awarded IPC the following costs and attorney fees:

1. $40,624.26 in costs as a matter of right against the plaintiffs, pursuant to I.R.C.P. 54(d)(1)(C).

2. $84,055.88 in discretionary costs against the plaintiffs, pursuant to I.R.C.P. 54(d)(1)(D).

3. $124,680.14 in costs against the plaintiffs, pursuant to I.R.C.P. 68.

4. $340,766.04 in attorney fees against the plaintiffs, pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1).

5. $421,138.91 against plaintiffs' chief counsel, John McCabe, pursuant to I.R.C.P. 11(a)(1), for IPC's costs and attorney fees incurred after an amended complaint was filed on April 21, 1986.

The plaintiffs appealed all the awards against them, except the award of costs as

a matter of right. McCabe appealed the award against him.

## II. COURT DID NOT ABUSE ITS DISCRETION IN AWARDING DISCRETIONARY COSTS.

The plaintiffs assert that the trial court abused its discretion in awarding discretionary costs to IPC. We disagree.

I.R.C.P. 54(d)(1)(D) provides:

(D) Discretionary Costs. Additional items of cost not enumerated in, or in an amount in excess of that listed in subparagraph (C) [providing for costs as a matter of right], may be allowed upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party. The trial court, in ruling upon objections to such discretionary costs contained in the memorandum of costs, shall make express findings as to why such specific item of discretionary cost should or should not be allowed. In the absence of any objection to such an item of discretionary costs, the court may disallow on its own motion any such items of discretionary costs and shall make express findings supporting such disallowance.

The trial court found that the discretionary costs awarded to IPC against the plaintiffs were reasonable and justified and that the interests of justice required plaintiffs to reimburse IPC for those costs. We conclude that the trial court did not abuse its discretion in awarding these costs.

It is not necessary for us to address the issue of the award of costs pursuant to I.R.C.P. 68. This award only duplicated the award of costs as a matter or right pursuant to I.R.C.P. 54(d)(1)(C) and of discretionary costs pursuant to I.R.C.P. 54(d)(1)(D).

## III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEY FEES PURSUANT TO I.C. § 12–121 AND I.R.C.P. 54(e)(1).

The plaintiffs assert that the trial court abused its discretion by awarding attorney fees to IPC pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1), after denying IPC's motion for summary judgment and IPC's motion to dismiss at the conclusion of the plaintiffs' case-in-chief. We disagree.

In *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982), this Court ruled that the denial of summary judgment does not rule out the award of attorney fees under I.C. § 12–121. In *Anderson* this Court said:

It is conceivable that a party may prevail on a motion for summary judgment and still have brought the claim without reasonable foundation. This situation can occur because of the rules governing summary judgment motions. Summary judgment should be granted only when the pleadings, depositions and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact. The facts are to be liberally construed in favor of the party opposing the motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. While a genuine issue may appear on the face of the pleadings and affidavits, it does not necessarily follow that the evidence introduced at trial sustains that position. At the end of the trial the court concluded that the third party complaint was without reasonable foundation. The fact that it had previously found for the party on summary judgment does not necessarily establish that the complaint was reasonable and well founded.

*Id.* at 660, 651 P.2d at 925 (citation omitted).

█ Although I.R.C.P. 54(e)(1) had not become effective when the action was filed in *Anderson*, the conclusion of the Court in that case is still valid. I.R.C.P. 54(e)(1) specifies that before the trial court may award attorney fees under I.C. § 12–121, it must find, "from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." This requirement does

not change the principle established in *Anderson*. It merely limits the trial court's exercise of discretion under I.C. § 12–121 to those cases in which the trial court makes the necessary finding.

We have taken a different view from that expressed in *Anderson* where the trial court in a nonjury case has denied a motion to dismiss at the close of trial and later awarded attorney fees to the defendant. In *J.M.F. Trucking, Inc. v. Lewiston Carburetor & Electric, Inc.*, 113 Idaho 797, 748 P.2d 381 (1987), this Court considered an award of attorney fees in a nonjury case under I.C. § 12–121 and I.R.C.P. 54(e)(1). In reversing the award, the Court said:

> It is simply inconsistent and arbitrary for the trial court to have denied the motion to dismiss ..., stating that reasonable factual conflicts existed sustaining the claim, and to later allow an award of attorney fees on the basis that the [claim] was frivolously and unreasonably pursued.

*Id.* at 799, 748 P.2d at 383.

Here, the trial court considered a motion to dismiss at the close of the plaintiffs' case-in-chief. We note first that in denying the motion to dismiss the trial court did not, as the trial court did in *J.M.F. Trucking*, explicitly state that reasonable factual conflicts existed sustaining the claim. However, we construe the denial of the motion as implicitly stating that reasonable factual conflicts existed on at least one issue.

The central issue presented to the trial court by the motion to dismiss was whether IPC's negligence caused the fire. As to this claim, counsel for IPC admitted in arguing the motion to dismiss "that taken most favorably to the plaintiff, you do have negligence stated on the part of Idaho Power Company by their expert witnesses." In ruling on the motion the trial court said:

> Gentlemen, I believe in my own mind that when we had the Summary Judgment Motions for some reason that discussion was fairly well limited to the issue of negligence, ... I think we primarily talked about the negligence theo-

ry. It was my feeling at the time that at the Pre–Trial Conference we would limit the issues in this matter, and ... for some reason we didn't get to that point at the Pre–Trial Conference. I don't think we have yet really had a full discussion on the plaintiffs' issue of contract and the U.C.C. and the implied warranties that we should have before we make critical decisions in this thing.

> I think that, quite frankly, there are some things that we're going to the jury on in this case, and I think when we really need to make the determinations as to what we're going to the jury on is when I do the final set of Instructions.

The trial court then denied the motion to dismiss, subject to reconsideration at a later time. Before the case went to the jury, the plaintiffs voluntarily dismissed all their claims except the claim based on negligence. IPC did not ask the trial court to consider its motion to dismiss again.

■ Because this was a jury trial, the motion to dismiss was indistinguishable in operation and effect from a motion for directed verdict. *Van Vranken v. Fence-Craft*, 91 Idaho 742, 748, 430 P.2d 488, 494 (1967). In considering a motion for directed verdict, the trial court is to accept the truth of the adverse evidence and every inference that may legitimately be drawn from the adverse evidence in the light most favorable to the nonmoving party. The motion should not be granted if the evidence is of sufficient quantity and probative value that reasonable minds could conclude that a verdict in favor of the nonmoving party would be proper. *Stephens v. Stearns*, 106 Idaho 249, 252–53, 678 P.2d 41, 44–45 (1984).

■ This is a distinctly different standard than the standard for consideration of a motion to dismiss in a nonjury case that is made at the conclusion of the plaintiff's case-in-chief. In considering a motion to dismiss in a nonjury case, "the court sits as a trier of fact and is not required to construe all evidence and inferences to be drawn therefrom in the light most favorable to the plaintiff." *Keenan v. Brooks*,

100 Idaho 823, 825, 606 P.2d 473, 475 (1980). The standard for considering a motion for summary judgment requesting dismissal of the complaint, as the trial court did in *Anderson,* and the standard for considering a motion to dismiss at the conclusion of the plaintiff's case in a jury case, as the trial court did here, are virtually identical. Therefore, we conclude that the rule in *Anderson,* not the rule in *J.M.F. Trucking,* should apply to the award of attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) in a jury case in which a motion to dismiss or motion for directed verdict was denied at the conclusion of the plaintiff's case-in-chief.

In *J.M.F. Trucking,* the Court acknowledged that "normally the trial court's award of attorney fees is accorded a great degree of deference as being within its unique expertise and discretion." 113 Idaho at 799, 748 P.2d at 383. Recently, the Court has said:

> An award of attorney's fees is only proper when an action is either brought or defended frivolously, unreasonably or without foundation. The sole question is whether the losing party's position is so plainly fallacious as to be deemed frivolous, unreasonable or without foundation.
>
> To appropriately grant attorney's fees, a specific finding must be made and supported by the record that the case was pursued unreasonably and without foundation.
>
> An award of attorney fees cannot be based upon the trial court's consideration of matters that are neither issues in the case nor part of the record.

*Severson v. Hermann,* 116 Idaho 497, 498–99, 777 P.2d 269, 270–71 (1989) (citations omitted).

■ Here, the trial court found "that this case was brought and pursued frivolously, unreasonably and without foundation." The plaintiffs contend that this finding is not supported by the record and that the trial court based the finding, in part, on matters not at issue in the case or that were not part of the record. In support of its award of attorney fees, the trial court found that plaintiffs' theory as to the source of the fire and IPC's responsibility was unreasonable and unfounded, based on (1) the improbability or inconsistency of the testimony of some of the plaintiffs' witnesses, (2) evidence that the fire started before the condition the plaintiffs contended was the cause of the fire occurred, and (3) the inconsistency of the physical evidence with the cause advanced by the plaintiffs. These findings are supported by the record and fulfill the requirements we have set for the award of attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1).

■ It is not our function on appeal of an award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1) to engage in fact finding. Fact finding is the function of the trial court. Our function is to review the trial court's finding to determine if it is supported by the record. In determining whether a finding is supported by the record, we look to see if there is substantial evidence to support the finding. *Cf. Garnett v. Transamerica Ins. Services,* 800 P.2d 656, 667–68. (The abuse-of-discretion standard in reviewing the decision of a trial court to allow the jury to consider an award of punitive damages is essentially a substantial evidence standard.) There was substantial evidence to support the trial court's finding required under I.R.C.P. 54(e)(1). The trial court did not abuse its discretion in awarding attorney fees against the plaintiffs.

## IV. THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING ATTORNEY FEES AND COSTS AGAINST McCABE PURSUANT TO I.R.C.P. 11(a)(1).

McCabe asserts that the trial court should not have awarded attorney fees and costs against him pursuant to I.R.C.P. 11(a)(1). We agree.

The trial court found that McCabe signed the amended complaint in April 1986, "without having sufficient factual foundation to sign and reasonably believe a cause of action existed against Idaho Power." For this reason, the trial court ruled that McCabe was jointly and severally liable for

the attorney fees and costs incurred by IPC after April 1986. In doing so, the trial court found that the claims of the plaintiffs had no reasonable chance of success.

I.R.C.P. 11(a)(1), as it was amended to read before the amended complaint was filed, states:

**Rule 11(a)(1). Signing of pleadings, motions, and other papers; sanctions.—** Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho, in his individual name, whose address shall be stated before the same may be filed. A party who is not represented by an attorney shall sign his pleading, motion or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Before embarking on the analysis of the primary issue presented by McCabe, we dispose of an issue that McCabe has raised,

but which is not properly before us. In his opening brief before this Court, McCabe mentioned in a footnote that the trial court was mistaken in its finding that he had signed the amended complaint. McCabe stated in the footnote that the amended complaint had been signed only by an Idaho attorney. The record bears out McCabe's statement. Although the name of McCabe's firm was typed at the end of the amended complaint, above the place where the Idaho attorney signed, neither McCabe nor any other member of his firm signed the amended complaint. However, McCabe did not raise this issue in the trial court. In fact, except for the footnote in McCabe's opening brief before this Court, the lack of McCabe's signature on the amended complaint was not raised as an issue until McCabe's reply brief was filed.

In his reply brief McCabe cited *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), which was decided by the Supreme Court after McCabe filed his opening brief before this Court. In *Pavelic* the Supreme Court held that the sanctions provided for in Fed.R.Civ.P. 11 may be imposed only against the individual who signed the paper at issue. McCabe asserted in his reply brief that since he did not sign the amended complaint, he did not violate I.R.C.P. 11(a)(1).

■ Ordinarily, issues not raised below and presented for the first time on appeal will not be considered or reviewed. *Sandpoint Convalescent Serv., Inc. v. Idaho Dep't of Health and Welfare*, 114 Idaho 281, 284, 756 P.2d 398, 401 (1988); *cf. Northcutt v. Sun Valley Co.*, 117 Idaho 351, 787 P.2d 1159 (1990). We also have consistently followed the rule that we will not review the actions of a trial court, unless the action has been listed as an issue on appeal, especially where no authorities are cited and no argument is contained in the appellate briefs. I.A.R. 35(a)(4) (1987); *State v. Hoisington*, 104 Idaho 153, 159, 657 P.2d 17, 23 (1983).

■ I.A.R. 35(a)(4) does provide: "The statement of issues presented will be

deemed to include every subsidiary issue fairly comprised therein." The issues listed in McCabe's opening brief did list as an issue "whether Mr. McCabe signed the amended complaint 'without sufficient factual basis.'" However, even if we were to deem this statement to include the issue of the lack of McCabe's signature, we are still confronted with the fact that McCabe did not raise this issue in the trial court. Therefore, we will not address the effect of *Pavelic* on the award of attorney fees and costs against McCabe.

■ Also, before we review the ruling of the trial court, we must determine the appropriate standard of review. McCabe contends that we should review the question de novo, rather than determining whether the trial court abused its discretion in making the award. In support of this position he cites decisions of the Ninth Circuit, such as *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986). The United States Supreme Court has recently decided a case that rejects the standard of review contained in *Zaldivar* and adopts an abuse of discretion standard for all federal appellate courts reviewing the award of sanctions under Fed.R.Civ.P. 11. *Cooter & Gell v. Hartmarx Corp.*, ── U.S. ──, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In *Cooter* the Supreme Court said that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Id.* at ──, 110 S.Ct. at 2461.

In reaching its decision on the appropriate standard of review to be applied to an award of attorney fees and costs under Rule 11, the Supreme Court focused on the factual determinations that the rule requires a trial court to make in considering an award. *Id.* at ──, 110 S.Ct. at 2459. The Court said:

> The considerations involved in the Rule 11 context are similar to those involved in determining negligence, which is generally reviewed deferentially. Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.

*Id.* at ──, 110 S.Ct. at 2459 (citations omitted).

The use of an abuse-of-discretion standard in reviewing awards pursuant to I.R.C.P. 11(a)(1) is consistent with the standard we apply in reviewing the award of attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1). *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). Therefore, accepting the rationale of the Supreme Court in *Cooter* and considering our own standard for reviewing other awards of attorney fees, we conclude that the abuse-of-discretion standard is more compatible with our view of the appropriate role of our appellate courts in reviewing the award of sanctions under I.R.C.P. 11(a)(1) than de novo review.

■ Having determined that we will apply the abuse-of-discretion standard to review the award of attorney fees and costs against McCabe, the sequence of our inquiry is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The ruling of the trial court demonstrates that the trial court perceived the Rule 11 issue as one of discretion. In its decision the trial court said: "Sanctions under Rule 11(a) I.R.C.P. should not be lightly granted. Only in the most extreme case where claims have no reasonable chance of success should sanctions be imposed." This statement indicates that the trial court understood it had a choice to make. However, we conclude that the focus the trial court gave to the making of the choice was incorrect.

I.R.C.P. 11 was amended in 1985 to incorporate the 1983 amendment of Fed.R.Civ.P. 11. In its note to the 1983 amendment to the federal rule, the advisory committee said:

The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances. This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation.

The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

In *Durrant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990), we noted that in interpreting Rule 11 the federal courts have focused on " 'an *affirmative duty* on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.' " (Emphasis added.) In this context, we held that "reasonableness under the circumstances, and a duty to make a reasonable inquiry prior to filing an action, is the appropriate standard to apply." *Id.*

Prior to making its findings concerning the award of sanctions pursuant to I.R.C.P. 11(a), the trial court made extensive findings about the plaintiffs' knowledge of facts that would provide the basis for establishing IPC's liability. In one of these findings the trial court stated that prior to a meeting in Chicago in March 1987, McCabe and the plaintiffs "did not know the source of the fire, what caused the fire, or how Idaho Power was responsible therefore." In another finding the trial court stated that the evidence that was available to the attorneys for the plaintiffs before the trial was overwhelming in support of the proposition that the fire was ignited and was burning prior to the occurrence that the plaintiffs alleged was the cause of the fire.

In awarding attorney fees and costs against McCabe, the trial court found that McCabe signed the amended complaint "without having sufficient factual foundation to sign and reasonably believe a cause of action existed against Idaho Power." The focus of this finding was on McCabe's factual foundation, not on reasonableness under the circumstances and whether he had made a reasonable inquiry. The reasonableness to which the trial court referred was whether McCabe had a factual foundation reasonably to believe that a claim existed against IPC.

In focusing on the "reasonable chance of success" and on a "sufficient factual foundation to sign and reasonably believe a cause of action existed," the trial court failed to give the appropriate focus in considering sanctions pursuant to I.R.C.P. 11(a)(1). The appropriate focus of the trial court should have been whether McCabe "made a proper investigation upon reasonable inquiry." *Durrant v. Christensen*, 117 Idaho at 74, 785 P.2d at 638. To the extent the trial court did not give appropriate focus to its inquiry, it did not act consistently with the legal standards applicable to the choice it had to make.

This inappropriate focus carried over into the trial court's reasoning for imposing sanctions against McCabe. Based on the findings the trial court had made about the lack of sufficient factual basis for the claims against IPC, the trial court found that "this case was brought and pursued frivolously, unreasonably and without foundation." This was the necessary finding to award attorney fees to IPC against the plaintiffs pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1). The trial court then stated:

*For the same reasons,* the court further finds pursuant to Rule 11(a) I.R.C.P.

that Mr. John McCabe signed the Amended Complaint in April, 1986 without having sufficient factual foundation to sign and reasonably believe a cause of action existed against Idaho Power.

(Emphasis added).

▮ The reasons for which attorney fees may be awarded pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) are not reasons that will support an award of sanctions pursuant to I.R.C.P. 11(a)(1). The trial court did not come to grips with the reasoning necessary to support an award under I.R.C.P. 11(a)(1).

We conclude that the trial court abused its discretion in awarding costs and attorney fees against McCabe.

## V. CONCLUSION.

We affirm the award of discretionary costs and attorney fees against the plaintiffs. We reverse the award of attorney fees and costs against McCabe.

We award costs on appeal to respondent against plaintiffs. We award costs on appeal to McCabe against respondent. We award no attorney fees on appeal.

BAKES, C.J., and WINMILL and REINHARDT, JJ. Pro Tem.

BOYLE, Justice, dissenting.

I concur fully in Parts I, II and IV of the Court's decision, however, I respectfully dissent to Part III.

The rule set forth in *J.M.F. Trucking, Inc. v. Lewiston Carburetor & Electric*, 113 Idaho 797, 748 P.2d 381 (1987), is preferable to that established in the majority opinion. In addition, the circumstances of this case are significantly different from *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982), upon which the majority relies. In this case the trial court denied both a motion for summary judgment *and* a motion to dismiss *at the end of plaintiff's case*. The motion to dismiss in this case was made and denied after all of the plaintiff's evidence had been received and heard by the court and jury at trial. Given the difference between the two motions, "[i]t is conceivable that a party may prevail

on a motion for summary judgment and still have brought the claim without reasonable foundation," *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923, 925 (1982), but to deny a motion to dismiss after all of plaintiff's evidence has been heard is essentially a determination that a factual conflict exists sufficient to allow the case to be resolved by the jury. To thereafter make a post-trial determination that the case was brought frivolously and without foundation is inconsistent with this Court's decision in *J.M.F. Trucking, Inc. v. Lewiston Carburetor & Electric*, 113 Idaho 797, 799, 748 P.2d 381, 383 (1987). The legal principle set forth in *J.M.F. Trucking*, provides a certain degree of uniformity and guidance to both the district courts and trial bar, and, in my opinion, is preferable to the rule established in Part III of the majority opinion. Thus, I respectfully dissent to Part III.