BISTLINE, JOHNSON, TROUT and SILAK, JJ. concur.

867 P.2d 986

**John K. (Jake) GUBLER, a minor child, By and Through his parents and guardians, John GUBLER and Kellie Gubler, Plaintiffs,**

v.

**William L. BRYDON, M.D.; Creighton A. Hardin, M.D., Defendants–Respondents,**

and

**Bannock Regional Medical Center; and Eastern Idaho Clinical Pathology Laboratory, Defendants,**

and

**Robert K. Beck, David D. Peck and Beck & Peck, Chartered, Real Parties in Interest–Appellants.**

No. 19851.

Supreme Court of Idaho,
Idaho Falls, Sept. 1993 Term.

Jan. 19, 1994.

Beck & Peck, Chtd., Idaho Falls, for appellants. David M. Peck argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Raymond D. Powers argued.

McDEVITT, Chief Justice.

## BACKGROUND AND PROCEDURE

This case arose during the proceedings in its companion case, *Gubler v. Brydon*, 125 Idaho 107, 867 P.2d 981 (1994) (*Gubler II*). In *Gubler II*, the district court granted a motion for summary judgment against the plaintiff, holding that the doctrine of *res judicata* (claim preclusion) barred the case. The trial court found that the plaintiff ("Gubler") sued the defendants' medical partnership, the Pocatello Children and Adolescent Clinic (PCAC), and one of their partners, Dr. Boe, in a prior suit. *See Gubler v. Boe*, 120 Idaho 294, 815 P.2d 1034 (1991) (*Gubler I*). The trial court in *Gubler II* reasoned in its memorandum decision and order that:

The first lawsuit was brought against the partnership and Dr. Boe, a partner, and the second lawsuit was brought against the remaining members of that partnership. Even a cursory understanding of partnership law would put one on notice that when the partnership is sued the individual partners are necessarily parties to the suit.

The trial court further found that Gubler's attorneys ("Beck and Peck")[1] had no reasonable basis for bringing the suit. The court stated that the law regarding partnership liability and *res judicata* is well settled. The trial court also noted that Beck and Peck failed to make a good faith argument for any extension or modification of the existing law. Concluding that "this case was brought and pursued frivolously, unreasonably and without foundation[,]" the court awarded attorney fees and discretionary costs against Beck and Peck pursuant to I.R.C.P. 11(a)(1).

Gubler appealed the entry of summary judgment against him. Beck and Peck filed notice of appeal as real parties in interest, and appealed the district court's award of sanctions against them.

In Gubler's appeal, this Court reversed the summary judgment. We held that the district court erred in finding that one of the defendants in *Gubler I* was a partnership, when the defendant named in that suit was a professional association. *Gubler II*, 125 Idaho at 110, 867 P.2d at 984. *See also Gubler I*, 120 Idaho at 295, 815 P.2d at 1035 (plaintiffs brought this malpractice action against "the Pocatello Children and Adolescent Clinic, P.A., a professional association"). Because *Gubler I* did not involve partnership liability, we held that a question of fact remained regarding whether the relationships between the defendants in *Gubler I* and the defendants in *Gubler II* would create the privity required for *res judicata* to apply.

## STANDARD OF REVIEW

In *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993

---

**1.** The district court imposed sanctions against Robert K. Beck, David D. Peck, Beck and Peck, Chartered, Gordon W. Jenkins, and d/b/a Jenkins Law Office. Mr. Jenkins and d/b/a Jenkins Law Office did not appeal the ruling and are not parties in this appeal.

(1991), this Court, adopting the analysis of the United States Supreme Court in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), held that appellate courts should review a trial court's imposition of Rule 11 sanctions under an abuse of discretion standard. We reasoned that "the abuse of discretion standard is more compatible with our view of the appropriate role of appellate courts in reviewing the award of sanctions under I.R.C.P. 11(a)(1) than de novo review." *Sun Valley,* 119 Idaho at 94, 803 P.2d at 1000. This standard is also consistent with the way in which Idaho appellate courts review awards of attorney fees under other rules and statutes, such as I.C. § 12–121 and I.R.C.P. 54(e)(1). *Id. See also Anderson v. Eithington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

■ The proper test for determining whether the court abused its discretion was first employed by this Court in *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (citing *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987)). Under that test, the Court employs a three-part inquiry. Through this inquiry, the Court must determine: (1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices presented to it; and (3) whether the court arrived at its decision through an exercise of reason. *Id., applied in Sun Valley,* 119 Idaho at 94, 803 P.2d at 1000.

### ANALYSIS

■ The parties agree, and the trial court explicitly stated in its memorandum decision and order, that the trial court properly perceived the issue as one of discretion. However, because we held in *Gubler II* that the prior suit involved no partnership interests, an unanswered question of fact remains regarding whether *Gubler I* subjected the defendants to any personal liability. We therefore conclude that the district court abused that discretion by awarding Rule 11 sanctions.

The district court incorrectly assumed that one of the defendants in *Gubler I* was a partnership to which the defendants in *Gubler II* belonged. Thus, it incorrectly assessed what legal standards applied to the situation. Explaining its justification for awarding sanctions, the court reasoned in the memorandum decision and order:

There is simply no foundation with which to base plaintiff's action in *Gubler II.* Based on the well founded and well settled doctrine of *res judicata* (claim preclusion) and the principles of partnership law, this case against the doctors should not have been brought and to do so warrants an award of attorneys fees and discretionary costs.

The district court incorrectly held that the principles of partnership law applied to the underlying cause of action. Because of that error, this Court reversed the district court's entry of summary judgment based on the doctrine of *res judicata.* Because our disposition of the underlying cause of action eliminated the rationale behind the district court's exercise of discretion, we conclude that the court abused its discretion by awarding Rule 11 sanctions against Beck and Peck.

### CONCLUSION

For the reasons stated above, we reverse the award of Rule 11 sanctions against Beck and Peck. We award costs on appeal to Beck and Peck. We award no attorney fees on appeal.

BISTLINE, JOHNSON, TROUT and SILAK, JJ., concur.