873 P.2d 1332

**Lumbermens Mutual Casualty Company, an insurance corporation, Plaintiff,**

v.

**Kimberly Sue EGBERT, individually as personal representative of the estate of Bryon Cleveland Egbert, and as guardian of the persons and estates of Cleveland Jeremy Egbert and Sara Ashley Egbert, both minors; John Henry Austin and Sara June Austin, husband and wife, Defendants–Respondents,**

and

**Robert S. Swan and Shawn L. Swan, both minors; Karen Thomisen; Mark Boss, a minor, and Mark Boss, Sr.; Karen Ryan; Twin Falls Mutual Fire Insurance Company; and Farm Bureau Insurance Company of Idaho, Defendants,**

and

**IDAHO STATE INSURANCE FUND, Intervenor–Appellant.**

No. 20430.

Supreme Court of Idaho, Boise, November 1993 Term.

April 29, 1994.

M. Karl Shurtliff, Boise, for appellant.

Hepworth, Nungester & Lezamiz, Twin Falls, for respondents. John T. Lezamiz, argued.

JOHNSON, Justice.

This is an interpleader case in which a liability insurance company tendered into court its policy limits, requesting the trial court to divide these limits among the parties who suffered damages in a motor vehicle accident caused by its insured. We conclude: (1) the trial court did not abuse its discretion in refusing to admit expert evidence, and (2) the trial court correctly withheld attorney fees and costs from the portion the trial court ordered paid to a workers' compensa-

tion surety which had paid benefits to one of the injured parties.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

This case arises from a motor vehicle collision. At the time of the accident, Bryon Egbert (Bryon) was driving a vehicle owned by his father-in-law John Austin (Austin), and in which Austin was a passenger. Jeffrey Coffman (Coffman) was driving a vehicle which ran a stop sign and collided with the vehicle in which Bryon and Austin were riding. Bryon was killed, and Austin was injured. At the time of the collision, Bryon was acting within the scope of his employment as an employee of Austin.

After Austin and his wife (the Austins) and Bryon's widow, Kimberly, sued Coffman. Coffman's insurer, Lumbermens Mutual Casualty Company (Lumbermens), recognized Coffman's responsibility for the accident and filed an interpleader action, depositing Coffman's liability insurance limits of $300,000 with the trial court. Lumbermens named as defendants Kimberly and her children (the Egberts) and the Austins, as well as others who are not part of this appeal. Lumbermens did not join as a defendant the State Insurance Fund (SIF), which had paid Austin's workers' compensation medical and disability benefits resulting from the accident. SIF intervened, seeking to recover some of the benefits it had paid and those it would pay in the future.

The trial court held a court trial to determine the distribution of the interpleaded funds. Prior to the trial, the Austins, who are the parents of Kimberly, agreed with Kimberly that any recovery of the interpleaded funds should be divided in the ratio of eighty percent to the Egberts and twenty percent to the Austins. The Egberts and the Austins said they agreed to this division because the Austins were in their mid-sixties, semi-retired, and with no dependent children; and Kimberly was twenty-nine, with no significant education or financial resources, and with two small dependent children.

During the trial, the Egberts and the Austins were represented by the same attorney. The trial court admitted evidence presented by the Egberts and the Austins that the economic loss suffered by the Egberts because of Bryon's death was approximately $823,400. The trial court admitted evidence presented by SIF that SIF had paid $93,-867.49 in medical expenses for Austin and $17,940.46 in disability benefits to Austin up to the time of trial. The trial court refused to admit the testimony of an SIF claims supervisor and an exhibit prepared by the claims supervisor offered by SIF as an estimate of the future medical and disability benefits SIF would pay for Austin. The trial court rejected the testimony and the exhibit on the ground that the claims supervisor did not have the medical expertise that was necessary to lay a foundation for the estimates.

Following the trial, the trial court allocated eighty percent of the interpleaded funds to the Egberts. The trial court allocated twenty percent to the Austins, ruled that SIF was entitled to the Austins' share, and determined that the Austins could withhold a one-third attorney fee and costs from this share.

On appeal, SIF challenges only the trial court's refusal to admit the testimony and exhibit concerning SIF's future liability to Austin and the trial court's withholding of the Austins' attorney fees and costs in awarding the Austins' share of the interpleaded funds to SIF.

We first note that because we address only the issues framed by the parties in this appeal, we offer no opinion concerning the proper theory upon which interpleaded funds should be divided in a case like this. Nothing we say in deciding the issues presented in this appeal should be read as accepting or rejecting any underlying theory upon which the parties or the trial court may have proceeded here.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO ALLOW A SIF'S CLAIMS SUPERVISOR TO ESTIMATE SIF'S FUTURE LIABILITY FOR MEDICAL AND DISABILITY BENEFITS TO AUSTIN

SIF asserts that the trial court should have allowed the claims supervisor to present

testimony and an exhibit to estimate SIF's future liability for medical and disability benefits to Austin to establish SIF's "damages" arising out of this claim. We conclude that the trial court did not abuse its discretion in not allowing the testimony or the exhibit.

The trial court determined that the claims supervisor would base her testimony and the exhibit on medical records and evaluations. It appears from the district judge's comments at trial that he believed there must be proper evidence of Austin's permanent disability and unemployability before it would be appropriate to consider the claims supervisor's estimate of SIF's future liability for the claim. The trial court ruled that there was not a sufficient foundation for the evidence, because the claims supervisor was not qualified as a medical expert. The trial court also ruled that the claims supervisor could not give lay opinion, because she had no firsthand knowledge of the injuries to Austin.

█ Our trial courts have broad discretion in deciding whether to admit expert testimony. In *Sidwell v. William Prym, Inc.*, 112 Idaho 76, 730 P.2d 996 (1986), the Court embraced these comments by the committee that presented I.R.E. 702 to the Court for adoption:

"Whether a witness is sufficiently qualified as an expert to state an opinion is a matter which is largely within the discretion of the trial court. [citations] The Idaho court has also held that the 'admissibility of expert opinion testimony is discretionary with the trial court and will not be disturbed absent a showing of an abuse of discretion.'" [citations]

*Id.* at 81, 730 P.2d at 1001 (brackets in original) (quoting from the comment to I.R.E. 702).

In exercising this discretion, a trial court must also take into account I.R.E. 703, which provides:

**Basis of opinion testimony by experts.—** The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

In *Doty v. Bishara*, 123 Idaho 329, 848 P.2d 387 (1992), the Court stated:

The trial court, *in its discretion*, may allow an expert to render an opinion based in part upon hearsay or other inadmissible evidence, as long as the expert testifies as to the specific basis of his opinion and reaches an opinion through his own independent judgment.

*Id.* at 336, 848 P.2d at 394 (emphasis added).

In the present case, the foundation for the claims supervisor's testimony and the exhibit in question included testimony that the claims supervisor evaluated numerous factors, including medical reports and evaluations, to reach her own conclusion concerning Austin's level of permanent disability and the amount of funds that SIF should reserve to pay the benefits for that disability. The claims supervisor clearly was an expert in workers compensation claims examination. Her expert testimony concerning SIF's future liability was based on her review of the claim file, which is the same information she relies on regularly to make determinations concerning SIF's future liability resulting from a disability. As part of her recognized expertise as a claims examiner, it was ordinary and justifiable for the claims supervisor to rely on the claims file, including medical reports and evaluations contained in the file, in determining workers' compensation disability and estimating SIF's future liability.

Having said that, we agree with the district court that there was a critical link missing which would make the claims supervisor's testimony admissible. Her testimony and evidence depend upon an assumption that Austin was indeed completely disabled. While we would agree that she could make this assumption for the purposes of her own calculations in determining SIF's future liability, it does not mean that she is competent to resolve, in the first instance, the disputed issue of whether Austin was fully medically disabled. That determination must be established through competent medical testimony. While the district judge agreed that the claims supervisor's determinations might be

relevant in establishing SIF's "damages" in this case, those determinations would only be relevant if her initial premise (that Austin was fully medically disabled) was correct. The claims supervisor herself was not competent to testify as to medical condition, and thus her testimony lacked foundation.

The decision to admit or reject the evidence remained a matter of discretion. Utilizing the three-step analysis for reviewing the exercise of discretion by a trial court stated in *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993 (1991), we conclude that the trial court did not abuse its discretion. The trial court acknowledged that its ruling on the admissibility of this evidence was a matter of discretion; it acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available; and it gave a reasoned explanation why it rejected the evidence. Thus we affirm the ruling of the trial court excluding the claims supervisor's testimony and evidence.

### III.

**THE TRIAL COURT CORRECTLY WITHHELD THE AUSTINS' ATTORNEY FEES AND COSTS IN DISTRIBUTING THE AUSTINS' SHARE OF THE INTERPLEADED FUNDS TO SIF**

█ SIF asserts that the trial court incorrectly withheld from the share of the interpleaded funds paid to SIF attorney fees and costs for the attorneys representing the Austins. We disagree.

The trial court deducted the amount of the Austins' attorney fees and costs from the twenty percent of the interpleaded funds allocated to the Austins. The trial court ordered that SIF be paid the remainder of the twenty percent.

The trial court gave the following explanation for deducting attorney fees from SIF's recovery: "In this case, the court rules for the Austins, allowing them to withhold the one third attorney fee from the amount awarded to SIF by this court. *Walker v.*

*Hensley Trucking*, 107 Idaho 572, 691 P.2d 1187 (1984); I.C. § 72–223(4)."

I.C. § 72–223(4) is part of a statute concerning workers' compensation and recovery against responsible third parties. It states:

> On any recovery by the employee against a third party, the employer shall pay or have deducted from [the employer's] subrogated portion thereof, a proportionate share of the costs and attorney's fees incurred by the employee in obtaining such recovery.

In *Walker v. Hensley Trucking*, cited by the trial court, after the employee was injured in an automobile accident and received workers' compensation benefits from the employer's surety, the employee instituted suit against the other driver. The employee received in settlement two checks: one for $10,000, payable to the employee and his attorney, and one for $4,463.81, payable to the employee, the employee's attorney, and the employer's surety. The sum of $4,463.81 was the sum expended by the surety as a result of the employee's workers' compensation claim. On appeal, the surety asserted that it should be entitled to full reimbursement of this sum, without deduction of any portion of the employee's attorney fees. Relying on I.C. § 72–223(4), the Court determined that the surety should have been required to share the attorney fees and costs with the employee. *Id.* at 573, 691 P.2d at 1188. The Court stated that I.C. § 72–223(4) "applies to all circumstances where any recovery has been effectuated by the employee against a third party." *Id.*

SIF argues that the statute should not apply because SIF and Austin had opposing interests. SIF points to the fact that SIF and Austin retained separate counsel at the trial to determine division of the interpleaded funds. Nevertheless, SIF's recovery was dependent on the Austins' recovery, and they more or less stood in the same shoes. While SIF asserts that the Austins had nothing to do with SIF's recovery, this is not true. The Austins and the Egberts sued Coffman prior to Lumbermens' bringing this interpleader action.

SIF vehemently argues that the efforts of the Austins' attorney did not in any way "effectuate" a recovery by SIF. While it is true the Austins' attorney could have argued more forcefully in favor of the Austins' interest, rather than the Egberts', and could perhaps have gained a larger recovery for the Austins, the Austins' attorney nevertheless did obtain some recovery for the Austins, and consequently for SIF. Accordingly, the trial court properly withheld the Austins' attorney fees and costs from the Austins' share of the interpleaded funds that were awarded to SIF.

## IV.

### CONCLUSION

We affirm the judgment of the trial court.

We award costs on appeal, but not attorney fees, to the Egberts and the Austins.

McDEVITT, C.J., and BISTLINE, TROUT and SILAK, JJ., concur.