49 P.3d 1270

**In the Matter of the Estate of Peris L. Witte.**

**C. Elaine CURZON, former Personal Representative of the Estate of Peris L. Witte, Appellant,**

v.

**Gerrie HANSEN, Successor Personal Representative of the Estate of Peris L. Witte, Respondent.**

**John B. Kugler, Real Party in Interest– Appellant on Appeal,**

v.

**Gerrie Hansen, Successor Personal Representative of the Estate of Peris L. Witte, Respondent on Appeal.**

No. 27040.

Court of Appeals of Idaho.

June 11, 2002.

John B. Kugler, Pocatello, pro se appellant.

Maguire & Kress, Pocatello, for respondent. David H. Maguire argued.

GUTIERREZ, Judge.

Attorney John B. Kugler appeals from the imposition of sanctions by the district court under Idaho Rule of Civil Procedure 11. Kugler was sanctioned for continuing to pursue an appeal before the Idaho Supreme Court, despite the fact that his client had dismissed him. Because we hold that I.R.C.P. 11 does not apply to improper filings before the Supreme Court, we reverse.

## I.

### FACTS AND PROCEDURAL HISTORY

This case originated with probate proceedings dealing with the estate of Peris Witte, who died in June of 1998. Witte left a holographic will, transferring her entire estate to Elizabeth Hoskyn. Kugler, representing Hoskyn, successfully petitioned to have Hoskyn named as the personal representative of Witte's estate. Unfortunately, Hoskyn passed away four days later.

Kugler then successfully petitioned to have Elaine Curzon, a courthouse employee with no interest in the estate, appointed as the special administrator of the Witte estate. Hoskyn, however, had left a will directing that Gerrie Hansen be appointed as her personal representative and gifting her interest in the Witte estate to Alice White. Hansen petitioned to be substituted as the personal representative of the Witte estate. The petition was granted, and the magistrate subsequently also granted Hansen's motion to consolidate probate proceedings for the Witte and Hoskyn estates.

Kugler appealed to the district court from the orders removing Curzon as the special administrator and appointing Hansen as the successor personal representative, and from the order consolidating the Witte and Hoskyn estates. The district court affirmed, on the grounds that the orders involving removal and appointment of representatives were consistent with applicable law and supported by the evidence. Because Kugler failed to present authority or cogent argument on the issue of consolidation, the district court declined to consider that issue on appeal. The district court also entered a judgment of $1608 in attorney fees against Kugler's client, Curzon, for pursuing the appeal frivolously, unreasonably and without foundation. Kugler filed an appeal with the Idaho Supreme Court.

About a month after the notice of appeal to the Idaho Supreme Court was filed, Curzon dismissed Kugler. Notwithstanding the lack of a client, Kugler continued to pursue the appeal. Hansen moved to dismiss the appeal because Kugler represented no client with standing. Hansen's brief in support of the motion to dismiss quoted Idaho Appellate Rule 11.1, which provides for sanctions for improper filings before the Supreme Court and included a request, but apparently not a motion, for the imposition of appropriate sanctions. The motion to dismiss was granted, but no sanctions were imposed. The Court's order dismissing the appeal did not mention the possibility of I.A.R. 11.1 sanctions for any conduct by Kugler on appeal.

Subsequently, Hansen moved the district court for sanctions under I.R.C.P. 11(a)(1). The district court entered an award against Kugler in the amount of $4450 for continuing to pursue the appeal in the Supreme Court after Curzon had discharged him. Kugler appeals from this order awarding sanctions, arguing that the district court had no jurisdictional authority to sanction him under I.R.C.P. 11 for filings before the Supreme Court.[1]

## II.

### DISCUSSION

We review the imposition of sanctions by the district court under I.R.C.P.11

---

1. Kugler also appealed from earlier orders entered against Curzon which were raised in his earlier appeal. However, at oral argument Kugler conceded that those orders were not properly before the Court and withdrew all issues pertaining thereto. Thus, the only issue before this Court is the propriety of I.R.C.P. 11 sanctions.

for an abuse of discretion.[2] *See Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Sanctions are not granted lightly and are imposed only in the most extreme cases in which the asserted claims have no reasonable chance of success. *See id.* The appellate inquiry as to whether the district court abused its discretion in granting sanctions under I.R.C.P. 11 is threefold. First, we ask whether the district court correctly perceived the issue as one of discretion. Second, we ask whether the district court acted within the scope of its discretion and consistently with the legal standards applicable to the specific choices available to it. Third, we ask whether the district court reached its decision by an exercise of reason. *Id.*

■ The district court imposed sanctions upon Kugler for his conduct in pursuing an appellate claim without a client and, consequently, without any chance of success, reasonable or otherwise. The district court, however, exceeded the scope of its discretion and acted outside the bounds of its legal authority when it imposed those sanctions under I.R.C.P. 11, which does not apply to proceedings before the Supreme Court.

The scope of the Idaho Rules of Civil Procedure is set by Rule 1, which states, in pertinent part, "These rules govern the procedure and apply uniformly *in the district courts and the magistrate's divisions of the district courts* in the state of Idaho in all actions, proceedings and appeals of a civil nature whether cognizable as cases at law or in equity, including probate proceedings. . . ." I.R.C.P. 1 (emphasis supplied). Thus, the district court improperly looked to I.R.C.P. 11 for sanctioning Kugler in this case.

■ The purpose of I.R.C.P. 11 also reveals that it is inapplicable to Kugler's misguided appeal. Idaho Rules of Civil Procedure 11 is not a "broad compensatory law," but rather is a management tool to be used by the district court to weed out, punish, and deter specific frivolous and other misguided filings. *Conley v. Looney*, 117 Idaho 627, 630–31, 790 P.2d 920, 923–24 (Ct.App.1989). Hansen points to the notice of appeal filed by Kugler in district court as the pleading that triggered the imposition of I.R.C.P. 11 sanctions. However, at the time of that filing, Kugler had not yet been discharged by Curzon, an event that did not occur until about a month later. In addition, the notice of appeal transferred jurisdiction from the district court to the Supreme Court. After being discharged by Curzon, Kugler then filed a brief in the Supreme Court, opposing the motion to dismiss the appeal for lack of a client with standing. We conclude that it was this pleading that gave rise to the possible imposition of sanctions. Idaho Appellate Rule 11.1 authorizes sanctions for misconduct involving improper appellate filings.[3] Thus,

---

2. Rule 11(a)(1) states, in pertinent part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

3. Idaho Appellate Rule 11.1 reads, in pertinent part:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If the notice of appeal, petition, motion, brief, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal,

the reliance on I.R.C.P. 11 by the district court for actions taken before the Supreme Court was improper.

Finally, we note the Supreme Court was fully aware of Kugler's misdeeds when it dismissed his appeal *on that basis*. The Court also was apprized of its authority to impose sanctions for that behavior. However, Hansen failed to move for an award of sanctions before the appropriate court; the likely reason for the Court's silence on the question. Therefore, the order of the district court is reversed.

## III.

### CONCLUSION

Idaho Rule of Civil Procedure 11 is inapplicable for the imposition of sanctions for improper filings made in the Supreme Court. Because the district court acted beyond the scope of authority granted in I.R.C.P. 1 and imposed sanctions against Kugler under I.R.C.P. 11 for his conduct in proceedings before the Supreme Court, and not for his conduct in proceedings before the district court, we hold that the district court abused its discretion. Accordingly, we reverse the order of the district court imposing sanctions. Costs, but no attorney fees are awarded to Kugler.

Chief Judge PERRY and Judge LANSING concur.

petition, motion, brief or other document in-

cluding a reasonable attorney's fee.