89 P.3d 878

In the Matter of RULE 11 Sanctions Against D. Scott Summer.

Jacki SLACK, Plaintiff,

v.

Michael ANDERSON, and Allstate Insurance Company, a corporation licensed to do business in the State of Idaho, Defendants.

D. Scott Summer, Real Party in Interest–Appellant.

No. 28836.

Supreme Court of Idaho, Boise, December 2003 Term.

April 27, 2004.

SCHROEDER, Justice.

## ON THE BRIEFS

D. Scott Summer (Summer) appeals the imposition of sanctions arising from his representation of Jacki Slack in a personal injury action resulting from an automobile accident. Summer seeks review of orders entered February 16, 2001 and March 5, 2001 imposing sanctions against him under Rule 11(a)(1), I.R.C.P. (Rule 11) for submitting pleadings containing allegations and contentions which were not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, which resulted in unnecessary delay and needless increase in the cost of litigation. Only Summer filed a brief in this case.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Summer is a lawyer who represented a plaintiff in two unrelated automobile accidents. After reaching settlement in the first

case, he wrote a letter to the defendant in the second case seeking a settlement of $9,081, claiming as damages many of the medical injuries suffered in the first accident. There was also evidence that Summer altered some dental reports relating to his client's first accident by whiting out the date of the crash prior to sending them to the insurance adjuster in an attempt to obtain a settlement in the suit arising from the second accident.

In November of 1997 a deputy attorney general brought Summer's conduct before a grand jury in Canyon County. The grand jury returned a three-count indictment, alleging that Summer had committed (1) insurance fraud, (2) forgery, and (3) grand theft by deception.

During the proceedings, the deputy attorney general argued that Summer presented a "claim pursuant to an insurance policy" when he prepared and submitted an offer of settlement letter to an insurer in his capacity as the attorney for a non-insured third party. The deputy attorney general argued that the settlement letters constituted "claims" under the definition of a claim as used in the Insurance Code, and that the party who presented such a "claim" was subject to prosecution for insurance fraud. Summer was acquitted of insurance fraud and the forgery charge was dismissed, but he was convicted of grand theft by deception.

Summer appealed his conviction of theft by deception on the grounds that the indictment was flawed because it was brought by the Idaho Attorney General who did not have jurisdiction to do so, and that there was insufficient evidence to present the charge to the trial jury. The Supreme Court affirmed the conviction. *State of Idaho v. D. Scott Summer*, 139 Idaho 219,76 P.3d 963 (2003).

In this case, *Slack v. Anderson*, Summer argued that a third party claimant had a direct claim, at least as to attorney fees, against the insurer. This argument was in contravention of established precedent. The basis for this assertion relied on the district court's rulings in the criminal proceedings against Summer that a third party claimant or an attorney representing a third party claimant who presents a settlement offer to an insurer thereby makes a claim pursuant to an insurance policy for purposes of Idaho Code (I.C.) § 41–293. Idaho Code § 41–293 imposes criminal penalties upon one who makes such a claim with the intentional inclusion of false, incomplete or misleading information. The district court rejected Summer's legal argument for an extension, modification or reversal of Idaho insurance law and imposed sanctions pursuant to Rule 11 of the Idaho Rules of Civil Procedure against Summer in the amount of $3,000 for raising the issue.

Summer appeals the imposition of sanctions.

## II.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING SANCTIONS

#### A. Standard of Review

In determining whether a district court's imposition of Rule 11 sanctions is proper, the Court applies an abuse of discretion standard. *Chapple v. Madison County Officials*, 132 Idaho 76, 967 P.2d 278 (1998). *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991). The application of the abuse of discretion standard requires the Court to determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.* (citing *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989)).

#### B. The district court did not abuse its discretion in imposing Rule 11 sanctions because Summer's contentions were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

Pursuant to I.R.C.P. 11(a)(1), pleadings, motions, and other papers signed by an attorney must meet certain criteria, and fail-

ure to meet such criteria will result in the imposition of sanctions. *See Durrant v. Christensen,* 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). Rule 11(a)(1) requires that pleadings be: (1) well grounded in fact; (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (3) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation. *Riggins v. Smith,* 126 Idaho 1017, 1021, 895 P.2d 1210, 1214 (1995) (citing I.R.C.P. 11(a)(1)). In evaluating an attorney's conduct in filing a pleading the district court must determine "whether the attorney exercised reasonableness under the circumstances and made a proper investigation upon reasonable inquiry into the facts and legal theories before signing and filing the document." *Id.* The district court imposed sanctions upon Summer because his allegations and contentions, as so signed and filed, were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and resulted in unnecessary delay and needless increase in the cost of litigation.

■ In its ORDER GRANTING MOTION TO DISMISS AND ORDER IMPOSING SANCTIONS, the district court made the following findings "pursuant to Rule 11(a)(1)":

5. Plaintiff's Objection to Defendant Allstate Insurance Company's Motion to Dismiss was signed by D. Scott Summer and was filed with the Court on February 6, 2001.

6. Plaintiff's theory of a direct cause of action against Allstate, as pleaded in Count II of the Second Amended Complaint, and as argued in Plaintiff's Objection, etc., was predicated on prior rulings of this Court in unrelated criminal litigation . . .

7. The Second Amended Complaint and the Plaintiff's Objections, etc., as so signed and filed, alleged or contended that this Court's rulings in the criminal proceedings identified above constituted a change in the law of Idaho which permitted a third party claimant in a personal injury action to maintain a di-

rect cause of action against the insurer of the defendant in such personal injury action, for recovery of attorney fees against such insurer.

8. Plaintiff's allegations and contentions, as so signed and filed, were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and resulted in unnecessary delay and needless increase in the cost of litigation in this action.

9. Plaintiff's counsel, D. Scott Summer, knew or had reason to know that the allegations and contentions so presented by signed pleadings and papers were not so warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, as such knowledge is reflected in the colloquy between counsel and the Court conducted on February 9, 2001, and including counsel's knowledge of the decision of the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County, entitled and styled *Doris Loston v. Victoria Luft and Farmers Insurance Company of Idaho,* (citations omitted).

The February 9, 2001 "colloquy" to which the district court refers proceeded as follows:

THE COURT: Mr. Summers, you've agreed that the suit bringing in the insurance company is an extreme deviation from prior law?

MR. SUMMER: Yes, I do, Your Honor.

THE COURT: And that equally extreme is the arguing for the extension of the area of the law regarding insurance.

MR. SUMMER: I believe it's based in a good-faith argument. But, yes, I do think it is an extreme deviation and an extreme extension.

THE COURT: And your position is based on rulings from this court involving a criminal case, the case that is still pending, and on arguments of the attorney general as it relates to a criminal statute?

MR. SUMMER: Yes, Your Honor.

THE COURT: And you would agree that they have no precedential value?

MR. SUMMER: Yes. I don't feel that the attorney general's arguments have any precedential value. However, in this case, I think this court's ruling does have precedential values that attorneys representing parties in this type of milieu can rely upon. And I'm in a difficult position, as the court's well aware, but my arguments are based on good faith and case law backing them.

THE COURT: But you've cited no case law. You basically are relying on this court's rulings and arguments of the attorney general's office being made to this court on the civil case. Further, you've had experience with other courts addressing this same issue, have you not?

MR. SUMMER: Yes, I have, Your Honor.

THE COURT: In how many other cases?

MR. SUMMER: I think courts have actually addressed it on two occasions and others were resolved between the parties.

THE COURT: And those courts that have issued decisions have clearly stated that there is no merit to such argument?

MR. SUMMER: Your Honor, one court said that there was no merit. Another court just denied the motion.

Following Summer's argument, The Court ruled as follows:

THE COURT: The court will adopt also the decision in the case of *Loston versus Luft* issued by Judge Eismann in Ada County Case No. CV–PI–00–00491. And I will just read one important portion:

In the Canyon County cases the district court—"again referring to this court"—did not hold that its construction of the word 'claim' in the insurance fraud statute should be applied to any other statute or area of law. In fact, in rejecting Summer's argument the court implicitly held that the word 'claim' in the insurance fraud statute would be given a broader meaning than the same word in the Unfair Claim Settlement Practices Act.

Nevertheless, even if, as the plaintiff in this case argues, the orders entered in the Canyon County cases could be authority for the universal definition of the word 'claim' whenever it is used in the context of insurance, that definition would not by any stretch of the imagination give the plaintiff a cause of action against Farmers. And the court finds that Mr. Summers was aware of the controlling law, has also had similar issues addressed by other district courts presenting the same arguments which have been rejected."

The district court's imposition of sanctions was properly recognized as a matter of discretion. The district court was well-within its discretion to impose Rule 11 sanctions because there is ample support in the law and the record that Summer did not exercise reasonableness in asserting that a third-party had a direct claim against an insurance company. The effort to rely upon an unrelated use of the term "claim" to validate the effort in this case was unreasonable.

### III.

### CONCLUSION

The decision of the district court imposing sanctions is affirmed. There has been no response to the appeal so no costs or attorney fees, which would otherwise be awarded, are awarded.

Chief Justice TROUT, Justices KIDWELL, EISMANN and BURDICK concur.