## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 36644

| | |
|---|---|
| JOHN B. KUGLER, | ) 2010 Unpublished Opinion No. 699 |
| | ) |
| Plaintiff-Appellant, | ) Filed: November 4, 2010 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DAVID H. MAGUIRE, MAGUIRE AND | ) THIS IS AN UNPUBLISHED |
| KRESS, P.C., GERRIE HANSEN, THE | ) OPINION AND SHALL NOT |
| ESTATES OF PERIS WITTE and | ) BE CITED AS AUTHORITY |
| ELIZABETH HOSKYN, | ) |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

District court's order of dismissal, <u>affirmed</u>.

John B. Kugler, Tacoma, Washington, pro se appellant, did not appear at oral argument.

Maguire & Penrod, Pocatello, for respondents. David H. Maguire argued.

PERRY, Judge Pro Tem

John B. Kugler appeals from the district court's dismissal of his case as a sanction under Idaho Rule of Civil Procedure 37(b)(2)(C) for his failure to comply with the district court's orders regarding discovery in anticipation of trial. For the reasons set forth below, we affirm.

### I.

### BACKGROUND

The factual background and course of proceedings are set forth, in part, in *Curzon v. Hansen*, 137 Idaho 420, 421, 49 P.3d 1270, 1271 (Ct. App. 2002):

> This case originated with probate proceedings dealing with the estate of Peris Witte, who died in June of 1998. Witte left a holographic will, transferring her entire estate to Elizabeth Hoskyn. Kugler, representing Hoskyn, successfully petitioned to have Hoskyn named as the personal representative of Witte's estate. Unfortunately, Hoskyn passed away four days later.

1

Kugler then successfully petitioned to have Elaine Curzon, a courthouse employee with no interest in the estate, appointed as the special administrator of the Witte estate. Hoskyn, however, had left a will directing that Gerrie Hansen be appointed as her personal representative and gifting her interest in the Witte estate to Alice White. Hansen petitioned to be substituted as the personal representative of the Witte estate. The petition was granted, and the magistrate subsequently also granted Hansen's motion to consolidate probate proceedings for the Witte and Hoskyn estates.

Kugler appealed to the district court from the orders removing Curzon as the special administrator and appointing Hansen as the successor personal representative, and from the order consolidating the Witte and Hoskyn estates. The district court affirmed, on the grounds that the orders involving removal and appointment of representatives were consistent with applicable law and supported by the evidence. Because Kugler failed to present authority or cogent argument on the issue of consolidation, the district court declined to consider that issue on appeal. The district court also entered a judgment of $1608 in attorney fees against Kugler's client, Curzon, for pursuing the appeal frivolously, unreasonably and without foundation. Kugler filed an appeal with the Idaho Supreme Court.

About a month after the notice of appeal to the Idaho Supreme Court was filed, Curzon dismissed Kugler. Notwithstanding the lack of a client, Kugler continued to pursue the appeal. Hansen moved to dismiss the appeal because Kugler represented no client with standing. Hansen's brief in support of the motion to dismiss quoted Idaho Appellate Rule 11.1, which provides for sanctions for improper filings before the Supreme Court and included a request, but apparently not a motion, for the imposition of appropriate sanctions. The motion to dismiss was granted, but no sanctions were imposed. The Court's order dismissing the appeal did not mention the possibility of I.A.R. 11.1 sanctions for any conduct by Kugler on appeal.

Subsequently, Hansen moved the district court for sanctions under I.R.C.P. 11(a)(1). The district court entered an award against Kugler in the amount of $4450 for continuing to pursue the appeal in the Supreme Court after Curzon had discharged him.

Kugler appealed from the order awarding sanctions, and this Court reversed the order holding that I.R.C.P. 11 does not apply to improper filings before the Supreme Court, and therefore the district court lacked authority to impose sanctions against Kugler for actions taken in the Supreme Court. Costs, but not attorney fees, were awarded to Kugler. In 2005, Kugler filed a complaint requesting $6,141.29 (the amount already seized by the sheriff in satisfaction of the judgment while Kugler's appeal from the attorney fee award was pending), plus the costs awarded by this Court, plus interest on both amounts. Kugler subsequently filed an amended complaint, a second amended complaint, and a third amended complaint to correct the identities

of the parties and to add additional causes of action.[1]  The defendants filed various motions for summary judgment, and several of Kugler's claims were dismissed.  Thereafter, discovery disputes arose concerning Kugler's failure to comply with the district court's orders regarding the disclosure of witnesses within a sufficient amount of time to prepare for trial.  The district court sua sponte reviewed the record and determined that Kugler was deliberately delinquent and dismissed the case with prejudice.  Kugler appeals.

In his appeal, Kugler raises five issues.  Four of the issues involve interlocutory summary judgments, and those issues will be moot if we affirm the subsequent dismissal of the action as a sanction.  That is, had the district court denied summary judgment, the claims would have also been dismissed as a sanction against Kugler.  Because the sanction is the dispositive issue, it is the *only* one addressed on appeal.

## II.

## ANALYSIS

A trial court possesses the authority to sanction parties for failure to comply with discovery orders.  I.R.C.P. 16(i), 37(b).  Permissible sanctions include the dismissal of the action.  I.R.C.P. 37(b)(2)(C).  The imposition of sanctions for discovery violations, including dismissal of the action, is committed to the discretion of the trial court and will not be overturned on appeal absent a showing of abuse of discretion.  *Devault v. Steven L. Herndon, a Prof'l Ass'n*, 107 Idaho 1, 2, 684 P.2d 978, 979 (1984); *Roe v. Doe*, 129 Idaho 663, 666, 931 P.2d 657, 660 (Ct. App. 1996).

However, when ordering the dismissal of a party's action, the most severe sanction, the trial court's discretion is not unfettered.  The Idaho Supreme Court enumerated factors that the district court must expressly consider before determining whether dismissal with prejudice is warranted:

> The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one "aggravating" factor, including:  (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, or (3) delay causing prejudice to the defendant.  The consideration of these factors must appear in the record in order to facilitate appellate review.

---

[1]  Shortly after this, Kugler's attorney withdrew from the case and Kugler proceeded pro se.

*Ashby v. Western Council*, *Lumber Prod. & Indus. Workers*, 117 Idaho 684, 686-87, 791 P.2d 434, 436-37 (1990) (holding that dismissal was appropriate where there was a clear record of delay and where the trial court did impose lesser sanctions when it ordered the appellants to comply with the discovery requests or face dismissal of the case with prejudice); *see also Adams v. Reed*, 138 Idaho 36, 39, 57 P.3d 505, 508 (Ct. App. 2002) (holding that dismissal was appropriate where the district court's finding of a clear record of delay was amply supported by the record which demonstrated that the defendants were routinely late in responding to discovery and were noncompliant with deadlines, and that lesser sanctions were ineffective as evidenced by the fact that the defendants were specifically warned that the failure to comply with discovery could result in dismissal and still did not comply); *but see S. Idaho Prod. Credit Ass'n v. Astorquia*, 113 Idaho 526, 531, 746 P.2d 985, 990 (1987) (holding that although the sanction of dismissal may have been proper under this case, the district court erred by not first making specific findings regarding whether lesser sanctions would have been adequate); *Fish Haven Resort, Inc. v. Arnold*, 121 Idaho 118, 121-22, 822 P.2d 1015, 1018-19 (Ct. App. 1991) (holding that the district court erred in imposing the most severe sanctions when it did not make any factual findings regarding the inadequacy of lesser sanctions).

Here, the district court thoroughly analyzed the enumerated factors by specifically considering the record of delay as well as the inadequacy of lesser sanctions before dismissing Kugler's case. In its opinion, the district court expressly determined that there was a clear pattern of delay in this matter, and all delays were attributable to Kugler. This case involves factual circumstances that occurred in 2001, and this particular matter has been ongoing since 2005. At the outset, Kugler improperly named two different estates as defendants in this action, but later admitted that this action was not intended to be against either of these estates, but was a suit intended to be against "live persons." After a notice of intent to dismiss for inactivity was served on Kugler, he requested that the district court retain the matter and allow him to serve a summons and complaint on the defendants. Kugler improperly performed service by serving the wrong party and the district court had to grant a motion to amend the complaint to add the proper party. Kugler also failed to appear at the hearing on his counsel's motion to withdraw, and he failed to comply with the district court's order requiring him to appoint another attorney to appear, or appear personally, within twenty days of the date of that order.

Finally, Kugler failed to timely disclose his witnesses to the district court and to the defendants for a trial that was scheduled to begin in less than a month. The district court issued a scheduling order on November 30, 2007, that ordered Kugler to disclose all fact witnesses to be called at the time of trial no later than May 26, 2008, and that all witnesses not disclosed in this manner would be subject to exclusion at trial. Kugler did not comply with the district court's order. On July 7, 2008, defense counsel informed the district court that Kugler had not disclosed his witnesses. The district court once again ordered Kugler to disclose his witnesses, and Kugler agreed to do so. However, Kugler still failed to give the district court a witness list. Although Kugler finally filed a notice of service with the district court on August 16, 2008, which stated he had served a list of prospective witnesses to defense counsel on that date, he never filed the list with the district court. Consequently, the district court had no knowledge of the contents of the list or if it was adequate. The district court found that this notice of service was filed three months after the deadline imposed by the scheduling order, forty days after defense counsel notified the district court that Kugler had not disclosed his witnesses, and shortly before the trial was set to begin.

Furthermore, the district court expressly indicated that less severe sanctions would be ineffective in this case. It determined that monetary sanctions would be inadequate because no amount of money would help the defendants prepare for a trial against unknown, unnamed witnesses. The district court also determined that a continuance of the trial would be inadequate because Kugler engaged in a course of conduct of delay, and failing to disclose witnesses was only one part of that course of conduct. Lastly, the district court determined that although it could impose the lesser sanction of excluding witnesses not timely disclosed, the result would be the same because Kugler failed to disclose any witnesses so they would all be excluded and a directed verdict would result.

Kugler asserts on appeal that the district court's decision was based on bias and ill-will toward him and that the dismissal of his case without warning or notice was too harsh because the respondents were not prejudiced by the delay. However, the dismissal hardly came without any notice or warning because Kugler was told more than once to give the district court his witness list, and he was given a warning by the district court that all witnesses not disclosed would be subject to exclusion at trial. Moreover, the respondents have been prejudiced because not only has this case been ongoing since 2005, but Kugler hindered the respondents' preparation

5

for trial by not giving the district court a witness list. Additionally, any further delay would benefit Kugler by increasing the amount he claims in interest, and prejudice the respondents for the same reason. Kugler asserts that the delays in this case were not solely attributable to him, but also to the respondents and the district court. However, Kugler does not offer any instances or cite to anywhere in the record where the respondents or the district court caused delay. We conclude that dismissal was proper here because the district court specifically and expressly considered the clear record of delay as well as the inadequacy of lesser sanctions before dismissing the case. Accordingly, Kugler has failed to show that the district court abused its discretion.

The respondents have requested an award of attorney fees on appeal pursuant to Idaho Code § 12-121, arguing that Kugler brought and pursued this case frivolously and for the purpose of harassment as opposed to any effort to recover the money he was allegedly owed. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). That standard for an award of fees is not satisfied here. Therefore, we decline to award attorney fees against Kugler.

### III.

### CONCLUSION

The district court did not abuse its discretion in dismissing Kugler's case as a sanction for his failure to comply with discovery orders. Accordingly, we affirm the dismissal. Costs but not attorney fees are awarded to the respondents on appeal.

Chief Judge LANSING and Judge MELANSON, CONCUR.