**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37941**

| | | |
|---|---|---|
| TODD and CHRISTINA BATES, husband and wife, | ) | 2011 Unpublished Opinion No. 416 |
| | ) | |
| | ) | Filed: March 28, 2011 |
| Plaintiffs-Counterdefendants-Respondents, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| v. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| MICHAEL B. SCHWARZKOPF, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Real Party in Interest-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEVEN PAUL SELDIN, JR. and TARA RACHELLE BATES, husband and wife; THE WHOLE NINE YARDS, INC., an Idaho corporation, | ) | |
| | ) | |
| Defendants-Counterclaimants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Phillip M. Becker, District Judge.

Order denying motion for relief under I.R.C.P. 60(b), affirmed.

Michael B. Schwarzkopf, Boise, pro se appellant.

Scott L. Rose, Boise, for respondents.

_____

GRATTON, Chief Judge

Michael B. Schwarzkopf appeals from the district court's denial of his Idaho Rule of Civil Procedure 60(b) motion for relief from a judgment awarding attorney fees against him.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

Todd and Christina Bates, husband and wife (Bates), brought an action against Steven Paul Seldin, Jr., and Tara Rachelle Bates, husband and wife, and The Whole Nine Yards, Inc.,

1

(collectively "Seldin") for breach of contract, unjust enrichment, and fraud. Schwarzkopf, who is an attorney, represented Seldin in the action. Following a jury verdict in favor of Bates on all counts, the district court entered judgment and awarded costs and attorney fees. Seldin filed a motion for judgment notwithstanding the verdict, which the district court denied. Seldin filed a motion to reconsider the district court's denial of the motion for judgment notwithstanding the verdict. Seldin also filed a motion to reconsider the district court's award of costs and attorney fees. In response, Bates filed a motion for costs and attorney fees incurred in defending Seldin's motions to reconsider. On November 16, 2007, the district court issued an order denying both of Seldin's motions to reconsider and awarding Bates $2,800 in additional attorney fees incurred as a result of Seldin's motions to reconsider. On December 17, 2007, the district court entered a second amended judgment which awarded Bates $2,800 against both Seldin and Schwarzkopf.

Seldin appealed the judgment and awards of attorney fees and costs entered against Seldin to the Idaho Supreme Court. While Schwarzkopf represented Seldin in the appeal, he did not appear and directly appeal the award of attorney fees against him personally. *Bates v. Seldin*, 146 Idaho 772, 203 P.3d 702 (2009). The Idaho Supreme Court affirmed the district court's award against Seldin of $2,800 for fees incurred by Bates incident to the motions for reconsideration. *Id*. at 777-78, 203 P.3d at 707-08. Following remittitur on appeal, the district court entered an amended judgment in favor of Bates on November 13, 2009, as against Seldin and, at the same time, another judgment in the amount of $2,800 individually against Schwarzkopf.

On May 12, 2010, Schwarzkopf filed a motion under I.R.C.P. 60(b) asking for relief from the district court's $2,800 judgment entered against him personally. After a hearing, the district court denied Schwarzkopf's Rule 60(b) motion. Schwarzkopf appeals.

## II.

## ANALYSIS

Schwarzkopf claims that the district court erred by denying his I.R.C.P. 60(b) motion for relief from the $2,800 judgment entered against him. Specifically, Schwarzkopf argues the district court should have granted his motion under I.R.C.P. 60(b)(1), (4) and/or (5). Relief from a judgment under Rule 60(b)(5) may be granted when a prior judgment upon which it is based has been reversed or otherwise vacated. Relief under Rule 60(b)(4) may be granted from a final

2

judgment or order when the judgment is void. Under Rule 60(b)(1), relief from a judgment may be granted if it was entered by mistake.

**A.      I.R.C.P. 60(b) Motion on Grounds of Vacated or Voided Judgment**

Schwarzkopf argues he is entitled to relief because the judgment against him has been vacated, I.R.C.P. 60(b)(5), or voided, I.R.C.P. 60(b)(4). Schwarzkopf contends that the Idaho Supreme Court's decision affirming the award of attorney fees against Seldin incident to the motions for reconsideration "limited" the basis of the award to Idaho Code § 12-120(3), because the underlying case involved a commercial transaction. He asserts that, since he was not a party to the commercial transaction, there is no basis for the award entered against him and the judgment against him has, therefore, been vacated or voided. We disagree.

Schwarzkopf did not appeal the $2,800 judgment entered against him personally, although he could have done so. Under Idaho Appellate Rule 4, "[a]ny party aggrieved by an appealable judgment order or decree" may appeal preserved issues. It is not necessary for a person to be named as a plaintiff, defendant, or intervener in the title to an action, or in the title to a judgment entered therein, in order to become a *party* to the action as contemplated by the rule. *See Washington County Abstract Co. v. Stewart*, 9 Idaho 376, 380-81, 74 P. 955, 956-57 (1903) (decision under former statute providing "any party aggrieved may appeal"). Review is available by filing a notice of appeal as a "real party in interest" in the case, and the need to do so can occur in a number of different instances where a court issues an order that is adverse to a person or entity that is not a formal party to the proceedings. As pertinent here, there are many reported Idaho appellate decisions where an attorney has appealed a district court's judgment against the attorney personally as a real party in interest. *See Slack v. Anderson*, 140 Idaho 38, 89 P.3d 878 (2004); *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 803 P.2d 993 (1991); *Curzon v. Hansen*, 137 Idaho 420, 49 P.3d 1270 (Ct. App. 2002).

On behalf of Seldin, Schwarzkopf argued on appeal to the Idaho Supreme Court that the award of $2,800 was improper because it was not supported by written findings of fact, which he asserted were required in order to award attorney fees for frivolous conduct. The Idaho Supreme Court addressed the issue specifically as to the award against Seldin, stating:

> Appellants argue that the district court failed to find that the motions were defended or made frivolously, unreasonably, or without foundation and failed to make a written finding as to the basis and reasons for awarding attorney fees. We do not find this argument persuasive. Both parties acknowledged that the instant

case involved a commercial transaction. Therefore, the district court properly awarded [Bates] their attorney fees pursuant to I.C. § 12-120(3).

*Seldin*, 146 Idaho at 777-78, 203 P.3d at 707-08. Because the appeal was brought on behalf of Seldin, the Court's decision upholding the award of attorney fees, pursuant to I.C. § 12-120(3), applied only against Seldin, not Schwarzkopf. The Idaho Supreme Court made no determination as to the award of attorney fees against Schwarzkopf personally. Therefore, the Idaho Supreme Court's decision did not directly vacate or void the judgment against Schwarzkopf.

Schwarzkopf appears to also contend that if the Idaho Supreme Court's ruling did not directly vacate or void the award against him, the decision operated to undermine the basis for the award and, therefore, effectively vacate or void the award against him personally. The decision of the Idaho Supreme Court cannot be read to limit the basis of attorney fees as against Schwarzkopf. First, the Idaho Supreme Court did not expressly reject the district court's attorney fee award to the extent it was based on a rule or statute providing for attorney fees for frivolous conduct. Instead, as to the argument regarding the need for written findings, the Idaho Supreme Court stated: "We do not find this argument persuasive." Second, because the award being challenged was only as against Seldin, the Idaho Supreme Court did not need to extensively analyze the frivolousness issue, since, as between Seldin and Bates, an alternative ground to uphold the award, I.C. § 12-120(3), clearly existed. Third, the Idaho Supreme Court was simply not given the opportunity to review any basis for the award against Schwarzkopf, which may have resulted in substantially different analysis than the award against Seldin. The Idaho Supreme Court may have, if it had been presented with the issue of the propriety of the award against Schwarzkopf, determined that an appropriate basis to uphold the award existed. Contrary to his argument, the Idaho Supreme Court's decision does not "limit" the district court's judgment against Schwarzkopf in any way or effectively vacate or void the award. Therefore, Schwarzkopf's arguments that he should be relieved from the judgment based on I.R.C.P. 60(b)(4) and/or I.R.C.P. 60(b)(5) are without merit.

## B. Rule 60(b) Motion on Grounds of Mistake

Schwarzkopf argues that the district court should have granted his Rule 60(b) motion because the court signed the order by mistake. As evidence of the alleged mistake, Schwarzkopf points to certain comments made by the district court in the hearing on the Rule 60(b) motion which he contends constitute an acknowledgement by the court that the original order was not

4

intended to include an award against him personally. Schwarzkopf argued below that Rule 60(b)(1) relief was warranted because "this court's attempt to re-enforce its original order against me for these fees and costs after the Supreme Court effectively ruled to the contrary was a mistake." He did not assert that the "mistake" was including him in the award in the first place. Instead, on appeal, Schwarzkopf contends that "for the first time, during the hearing" evidence developed that the court had mistakenly included him in the original order. Schwarzkopf did not raise this issue with the district court or obtain a ruling on this particular argument. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Moreover, upon review of the entire transcript of the hearing on the Rule 60(b) motion, we find no acknowledgement by the district court that it mistakenly included Schwarzkopf in the original order. The district court was well aware, in denying Rule 60(b) relief, that the issue before it was the award of attorney fees against Schwarzkopf personally.[1]

## III.

## ATTORNEY FEES

Bates requests attorney fees on appeal pursuant to I.C. § 12-120(3) and I.R.C.P. 54(e) as a prevailing party in a commercial transaction. Bates has provided no authority or argument that I.C. § 12-120(3) applies to the parties in this appeal and, therefore, we decline to award attorney fees on this ground. Bates also requests attorney fees pursuant to Idaho Appellate Rule 11.1, citing *Frank v. Bunker Hill Co.*, 142 Idaho 126, 132, 124 P.3d 1002, 1008 (2005). Idaho Appellate Rule 11.1, as referenced in *Frank*, has been redesignated to I.A.R. 11.2. Under I.A.R. 11.2, sanctions may be imposed on appeal if: (1) the arguments are not well grounded in fact, warranted by existing law or a good faith argument for extension, modification, or reversal of existing law; and (2) interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Bates claims that this appeal was brought for the improper purpose of causing unnecessary and needless increase in the cost of litigation. While we clearly disagree with the positions taken by Schwarzkopf in this appeal, we

---

[1] We also note that this new argument is directed at the original order entered in 2007, instead of the judgment entered in 2009. However, a Rule 60(b)(1) motion must be brought no later than six months from the date the order was entered.

have been directed to no evidence that the purpose of the appeal was to cause unnecessary and needless increase in litigation costs. The request for attorney fees by Bates is denied.

## IV.
## CONCLUSION

Schwarzkopf has failed to demonstrate that the district court erred in failing to grant relief from the judgment under I.R.C.P. 60(b). Therefore, the district court's denial of Schwarzkopf's motion for relief under I.R.C.P. 60(b) is affirmed. Costs, but no attorney fees, are awarded to Bates.

Judge LANSING and Judge GUTIERREZ **CONCUR.**