# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41501

ALAN GOLUB and MARILYN GOLUB, husband and wife,

    Plaintiffs-Respondents,

v.

KIRK-HUGHES DEVELOPMENT, LLC, a Delaware limited liability company; KIRK-HUGHES & ASSOCIATES, INC., a Nevada corporation; GERALDINE KIRK-HUGHES and PETER SAMPSON, husband and wife,

    Defendants-Appellants,

and

KIRK-SCOTT, LTD., a Texas corporation; INTERNAL REVENUE SERVICE; TOMLINSON NORTH IDAHO, INC., an Idaho corporation; KELLY POLATIS, an individual; DELANO D. and LENORE J. PETERSON, husband and wife,

    Defendants.

Boise, December 2014 Term

2015 Opinion No. 14

Filed: February 4, 2015

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

The orders of the district court are affirmed.

Campbell & Bissell, PLLC, Spokane, Washington, for appellants. Michael S. Bissell argued.

Winston & Cashatt, Lawyers, Coeur d'Alene, for respondents. Michael T. Howard argued.

---

J. JONES, Justice

    The respondents, Alan and Marilyn Golub (Golubs), obtained a judgment in the amount of $941,000 against the appellants and recorded the judgment in Kootenai County. Kirk-Hughes

Development, LLC (KHD), owned a parcel of real property in the county and therefore the judgment constituted a lien against its property. KHD now claims to have executed a deed of trust on the property in favor of Kirk-Scott, Ltd. (KS), several years before Golubs acquired their lien. Golubs filed an action for declaratory judgment, seeking a ruling that their judgment lien had priority over KS' unrecorded deed of trust. The district court granted summary judgment to Golubs, finding that their lien had priority. KHD and the other appellants filed a timely appeal.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Alan Golub was the listing real estate agent for properties then owned by Sloan and Peterson, who each sought to sell their properties near Coeur d'Alene, Idaho. Golub worked with other real estate agents to persuade Geraldine Kirk-Hughes and Geraldine's sister, Balinda Antoine, to participate in a development project potentially involving the purchase of the Peterson and Sloan properties, among others. In July 2004, KS, a company owned by Balinda, purchased the Sloan property.

The Peterson property was the largest and most expensive of the properties, being 518 acres. Golub had an agreement with Peterson that would entitle Golub to a commission for the sale of the Peterson property if Peterson closed on the sale of his property with one of the potential buyers Golub had provided to Peterson by early November 2004.[1] One of the potential buyers provided to Peterson by Golub was Geraldine. In July 2004, Geraldine became a party to a purchase and sale agreement to acquire the Peterson property for $6 million. However, this agreement lapsed in October or November 2004, and the sale was not closed.

In October 2004, Geraldine formed KHD to develop the real estate project. On November 18, 2004, KS granted the Sloan property to KHD by warranty deed. The same day, KHD purportedly executed a deed of trust in favor of KS, covering a portion of the Sloan property, though it is unclear from the record exactly what portion. KHD's warranty deed for the Sloan property was recorded on November 19, 2004, but the deed of trust in favor of KS was not recorded at that time.

In March 2005, Kelly Polatis, a business associate of Geraldine, purchased the Peterson property. Polatis then deeded the Peterson property to KHD either the same day he acquired it or very close in time. Golub believed these were straw-person transactions to deny him his

---

[1] There is some question as to whether there was an extension for this agreement to continue beyond November 2004, but the substance of the extension agreement, if any, is not clear from the record.

commission on the sale of the Peterson property. In an attempt to recover the lost commission, Golubs sued Geraldine, KHD, Kirk-Hughes & Associates, Polatis, and Peterson in 2007. Geraldine, KHD, and Kirk-Hughes & Associates defended against the action for a year and a half, but on March 11, 2009, Golubs obtained a default judgment in the amount of $941,000 against them. Golubs believed that they were unable to immediately record this judgment because Peterson remained in the action and that the judgment could not be considered final until there was a judgment against all defendants in the action or the court issued a Rule 54(b) certificate. For an unknown reason, when the court entered the default judgment, it did not sign the 54(b) certificate. Golub was in the process of seeking a Rule 54(b) certificate to pursue collection against the defaulted defendants when KHD filed for Chapter 11 bankruptcy on April 6, 2009.

Despite the purported deed of trust obligation from KHD to KS, KHD did not list on its bankruptcy forms any secured claims regarding the property allegedly covered by that instrument and did not list KS as a creditor. Additionally, KS did not file a creditor's claim in the bankruptcy proceeding. On September 17, 2010, while KHD's bankruptcy was pending, KS attempted for the first time to record its 2004 deed of trust. Golubs recorded their judgment a few weeks later, after the bankruptcy case was dismissed without discharge.

In early 2013, after a second bankruptcy by KHD was dismissed without discharge, Golubs filed an action for declaratory judgment to establish the priority of their judgment lien over KS' purported prior, unrecorded deed of trust. In response, KS filed a motion to set aside the $941,000 default judgment entered in 2009 and a motion for summary judgment on the 2013 priority action. Golubs also moved for summary judgment on the issue of priority. The district court denied KS' motions and granted Golubs' motion for summary judgment. Following this order, KS moved under I.R.C.P. 59(a) to amend/alter the order. KHD joined in the motion. The district court denied the motion and ordered sanctions against KS and KHD, apportioned equally between the two. KHD timely appealed.

## II.
## ISSUES ON APPEAL

1. Whether the district court erred in granting Golubs' Motion for Summary Judgment.

2. Whether the district court abused its discretion by awarding sanctions against KHD.

## III.
## ANALYSIS

**A.    Standard of review.**

The standard of review on appeal from the district court's grant of summary judgment is well-settled.

> On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party. If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review.

*Conner v. Hodges*, 157 Idaho 19, 23, 333 P.3d 130, 134 (2014) (internal case citations omitted). "Statutory interpretation is a question of law subject to free review." *J & M Cattle Co. v. Farmers Nat'l. Bank*, 156 Idaho 690, 692, 330 P.3d 1048, 1050 (2014). On discretionary matters, "[a] district court does not abuse its discretion when it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 914, 332 P.3d 815, 826 (2014) (internal citations omitted).

**B.    The district court did not err in granting Golubs' motion for summary judgment.**

The district court granted Golubs' motion for summary judgment, holding that Golubs had priority to the property in question because they were the first to duly record their interest. In support of this motion, Golubs had proposed an interpretation of Idaho Code section 55-606 in which the requirements of good faith and valuable consideration do not apply to one who acquires a valid judgment lien. KHD counters with many of the same arguments regarding Golubs' actual/constructive notice made by KS in its appeal of this matter, all of which we rejected. *See Golub v. Kirk-Scott, Ltd.*, 2015 WL 402794, at *6−8 (Idaho 2015). In KS' appeal, we adopted an interpretation of Idaho Code section 55-606 that does not prevent a judgment lienholder from having a priority claim over a prior, unrecorded interest where the judgment lienholder did not acquire his/her interest in good faith and for a valuable consideration. *Id.* We held that those statutory requirements cannot logically apply to judgment lienholders. *Id.* at *7. Although in this appeal KHD raises three minor points not raised in *Kirk-Scott*, as discussed

4

below, none of these additional arguments changes this Court's decision.

KHD argues that Golubs failed to raise their statutory interpretation argument before the district court and that this is an "absurd interpretation" that would give judgment creditors an automatic "super-priority" "over all other interests, despite actual or constructive notice of other legitimate interests held by third-parties."

First, KHD is simply incorrect in asserting that Golubs did not previously raise this argument. A review of the hearing transcript of Golubs' motion for summary judgment shows this interpretation was the primary argument Golubs made in support of their motion to the district court.

Second, in *Kirk-Scott* we rejected KS' argument regarding Golubs' requirement to give valuable consideration as judgment lienholders. Here, KHD makes a different yet equally unpersuasive argument concerning Golubs' giving of valuable consideration. KHD argues that a judgment lienholder is required to give valuable consideration for his/her interest but that the Golubs did give that consideration here. It argues that "a judgment constitutes legal value, and in this instance the lien stems from Golub's realtor fees that were purportedly unpaid." KHD essentially argues that one who obtains a judgment gives valuable consideration for that judgment in the form of the underlying obligation to which the judgment relates, and therefore, that Golub gave consideration for his judgment by performing realtor services for KHD. KHD fails to meaningfully develop this argument or cite any authority to support it, and this failure simply underscores the fact that the requirement of consideration does not logically apply to an interest acquired by means of a judgment. Golub cannot be considered to have bargained for his judgment against KHD, and KHD cannot be considered to have agreed to provide that judgment in exchange for Golub's realtor services.

Third, although KHD claims the interpretation of Section 55-606 we adopted in *Kirk-Scott* would give judgment lienholders a super-priority over all other interests despite actual or constructive knowledge of those other interests, this is a very exaggerated statement of the result under our interpretation. As we stated there, the only way for a subsequent judgment lienholder to get priority over prior interests is if the subsequent judgment lien "is first duly recorded." In contrast to KHD's claim that our interpretation would give the judgment lienholder priority despite "constructive notice of other legitimate interests held by third-parties," a subsequent judgment lienholder would never get priority over an interest when constructive notice is

5

involved. Constructive notice arises only in the case that the prior interest is validly recorded. And, if the prior interest is validly recorded, the subsequent interest cannot have priority, even under the interpretation we adopted in *Kirk-Scott*.

Because our analysis and conclusion reached in KS' appeal apply equally well in this case, and because KHD's additional arguments on the matter are unpersuasive, as in *Kirk-Scott*, here we affirm the district court's grant of summary judgment to Golubs.

### C. The district court did not abuse its discretion by ordering the sanctions against Kirk-Hughes.

Here, the district court sanctioned KHD under I.R.C.P. 11(a)(1). In August 2013, following the court's order denying KS' Rule 60(b) motion to vacate the Golubs' 2009 default judgment, KS filed a Rule 59(a) motion to amend/alter that ruling. The district court found that "Kirk-Hughes filed a Notice of Joinder in Kirk-Scott's motion, which was signed by Kirk-Hughes's counsel." Additionally, "Kirk-Hughes filed its notice of joinder in Kirk-Scott's reply brief; the notice was signed by Mr. Bissell" (KHD's counsel). The district court found this motion to have been inappropriately brought by KS and KHD because it was in substance a motion asking the court to reconsider its decision on the Rule 60(b) motion to vacate the 2009 default judgment, and a motion to reconsider a Rule 60(b) judgment is expressly prohibited by Rule 11(a)(2)(B).

Although KHD phrases the issue in its statement of issues as: "Did the District Court abuse its discretion by awarding sanctions against Kirk-Hughes," KHD does not cite any authority or make any arguments that the district court abused its discretion in determining sanctions were appropriate in this case based on the filings submitted to that court.[2] Instead, KHD argues only that the district court abused its discretion in apportioning liability to KHD for half of the ordered sanctions. KHD bases this argument on the statement in Golubs' attorney's affidavit on attorney fees that stated, "Because the Kirk-Hughes Defendants did not file any additional pleadings, or advance arguments beyond simply joining in Kirk-Scott's Motion, there was no separate time devoted to responding to the Kirk-Hughes Defendants' joinder." Therefore, our analysis here is limited to whether the district court erred in apportioning part of the ordered sanctions against KHD. The only authority KHD offers to support its position is *Campbell v.*

---

[2] Though KHD has not argued the filed documents did not warrant sanctions, it is worth noting that in *Kirk-Scott* we affirmed the district court's determination that the sanctions were warranted based on the submitted filings. 2015 WL 402794, at *14.

*Kildew*, 141 Idaho 640, 651, 115 P.3d 731, 742 (2005), cited for the proposition that the amount of attorney fees incurred should serve as a guide to the amount of sanctions awarded.

"The standard of review for an appellate court reviewing a trial court's imposition of sanctions pursuant to I.R.C.P. 11 is one of abuse of discretion." *Campbell*, 141 Idaho at 649–50, 115 P.3d at 740–41. Rule 11(a)(1) provides that, when appearing on a filing with the court,

> [t]he signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I.R.C.P. 11(a)(1). If the filing is signed in violation of this rule,

> the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

*Id.* "Traditionally, a court's determination of whether to issue sanctions falls on whether an attorney made a proper investigation into the facts and legal theories before signing and filing a document." *Campbell*, 141 Idaho at 650, 115 P.3d at 741. "Rule 11 sanctions must be sufficient to deter the misuse of the judicial process. . . ." *Id.* at 651, 115 P.3d at 742.

Here, the district court ordered sanctions against KS and KHD under Rule 11(a)(1), correctly recognizing such sanctions to be discretionary under *Slack v. Anderson*, 140 Idaho 38, 89 P.3d 878 (2004). KHD is correct that this Court has approved using attorney fees as a guide to the amount of appropriate sanctions. However, the Court has not said that is the only method of determining an appropriate sanction, and Rule 11(a)(1) by its plain language states that the court shall impose "an appropriate sanction, which *may* include" costs and fees. KHD argues, "It is undisputed that Golub did not incur any attorney fees responding to the Kirk Hughes defendants." This misconstrues Golubs' attorney's language in his affidavit. He did not say that no time was spent. He said "because there were no *separate* filings or arguments advanced by the Kirk-Hughes defendants, beyond an equal split, there is no further way to allocate the reasonable time spent responding to the Motion between the parties"; and "there was no *separate* time devoted to responding to the Kirk-Hughes Defendants' joinder." (Emphasis added). Use of the word "separate" shows that time was still spent by Golubs' attorney in response to a motion

in which KHD joined. Just because the time spent cannot be separated between the time spent against each individual defendant, does not mean that time was not necessarily spent in defending against the motion in which KHD joined.

By joining in KS' motion, KHD was essentially signing that motion as well, certifying to the court that KHD had made a proper investigation into the facts and legal theories supporting the motion. Therefore, because the district court found "counsel did not conduct a proper investigation upon reasonable inquiry as required by Rule 11(a)(1)," any counsel that signed that submission to the court is sanctionable. It is not the writing of the submissions to the court or the physically filing them with the court that is prohibited by Rule 11(a)(1). What is prohibited is the lending of one's name to the inappropriately filed document.

Additionally, as the Court stated in *Campbell*, the sanctions must be sufficient to have a deterrent effect on the offending party. Although KHD argues it was not directly responsible for any of the attorney fees incurred by Golubs, a sanction of $0 would not have any deterrent effect on KHD's inappropriate conduct in joining in the motion. The court ordered Golubs to prepare a memorandum of costs and fees and a proposed apportionment between KS and KHD. Golubs submitted a memorandum reporting $4,819 in attorney fees and requested that amount be split equally between KS and KHD. The district court ordered payment of $4,800 to be divided equally between KS and KHD. The $2400 KHD was ordered to pay is not an excessive amount and appears to have a logical relationship to the amount of work performed by Golubs' attorney in defending against the motion. It also seems sufficient to have some deterrent effect. Because KHD clearly engaged in conduct prohibited by Rule 11 and because the $2400 sanction against KHD is a reasonable amount, logically tied to KHD's conduct, the district court acted within the scope of its discretion and consistently with applicable legal theories.

The court issued a well-reasoned, eight-page decision regarding sanctions, concluding that it was ordering these sanctions upon its own initiative because it found:

> Kirk-Scott's and Kirk-Hughes' Motion to Amend/Alter Judgment and supporting briefing were not (1) grounded in fact, (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, (3) were interposed for the improper purpose of unnecessary delay and (4) did cause needless increases in the cost of litigation.

The court analyzed its power to order sanctions, the standard to apply when doing so, and the specific conduct that made sanctions appropriate here. Therefore, it reached its decision by an exercise of reason. Based on the foregoing analysis, we hold that the district court did not abuse

its discretion in ordering $2400 in sanctions against KHD.

## IV.
## CONCLUSION

We affirm the district court in all respects and award costs on appeal to Golubs. Costs to Golubs.


Chief Justice BURDICK, and Justices EISMANN and HORTON, and Justice Pro Tem WALTERS CONCUR.