**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45776**

| | |
|---|---|
| ANN WOZNIAK, | ) |
| | ) **Filed: August 22, 2018** |
| Petitioner-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES L. PUCKETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joanne M. Kibodeaux, Magistrate.

Judgment on custody and child support, <u>affirmed</u>.

Jacobson & Jacobson, PLLC; James F. Jacobson, Boise, for appellant. James F. Jacobson argued.

Bevis, Thiry & Schindele P.A.; Philip M. Bevis, Boise, for respondent. Philip M. Bevis argued.

_____

HUSKEY, Judge

James L. Puckett appeals from the magistrate's judgment on custody and child support. On appeal, Puckett argues the magistrate abused its discretion when it granted Ann Wozniak primary physical custody of the two children. Because substantial and competent evidence supports the magistrate's findings, we affirm the magistrate's judgment on custody and child support.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Puckett and Wozniak were married in 2005 and have two minor children as a result of the marriage. Wozniak filed a petition for divorce in September 2016. Puckett filed a counter petition in October 2016. The parties executed a stipulation regarding the division of their property and debts, spousal maintenance, and grounds for the divorce. Both parties requested

1

primary custody of the children based on various reasons. A trial was held in May 2017 to determine custody and child support. The magistrate analyzed the factors of Idaho Code § 32-717 and determined the best interests of the children were served by the parties sharing joint legal and physical custody of the two minor children, with Wozniak having primary physical custody and Puckett having visitation that constitutes frequent and continuing contact. Puckett does not take issue with the designation of Wozniak as the primary custodial parent, but argues he should have been granted more time with the children than was awarded in the custody order.

Puckett timely appeals.

## II.

## ANALYSIS

Puckett argues the magistrate abused its discretion when it granted Wozniak primary physical custody of the two children without awarding him more visitation time with the children than the current order allows. Idaho Code § 32-717 provides a directive for the magistrate to determine the best interests of children when making a custody decision. *Hoskinson v. Hoskinson*, 139 Idaho 448, 454, 80 P.3d 1049, 1055 (2003). The code section sets forth seven non-exhaustive factors to aid in determining the best interests of the children. Idaho Code § 32-717 explains:

> In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:
> (a) The wishes of the child's parent or parents as to his or her custody;
> (b) The wishes of the child as to his or her custodian;
> (c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
> (d) The child's adjustment to his or her home, school, and community;
> (e) The character and circumstances of all individuals involved;
> (f) The need to promote continuity and stability in the life of the child; and
> (g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

While I.C. § 32-717 gives a judge wide discretion regarding custody decisions, the judge must avoid considering irrelevant factors. *Hoskinson*, 139 Idaho at 455, 80 P.3d at 1056. Additionally, the judge must avoid assigning too much weight to any particular factor and base its findings of fact on substantial and competent evidence. *Id.*

2

In conjunction with I.C. § 32-717, a child's welfare and best interest are of paramount importance. *Roeh v. Roeh*, 113 Idaho 557, 558, 746 P.2d 1016, 1017 (Ct. App. 1987). Absent a preponderance of evidence to the contrary, there is a presumption that joint custody is in the best interests of the children. I.C. § 32-717B. Joint physical custody means an order awarding both parents significant periods of time, such that the children are assured frequent and continuing contact with both parents. However, joint physical custody does not necessarily mean the children's time with both parents is the same in length nor does it mean the children should be alternating back and forth over certain periods of time between each parent. *Id.*

At trial, Puckett argued that an equal time share schedule was in the best interests of the children. Wozniak argued for primary physical custody. The magistrate awarded primary physical custody of the children to Wozniak, while granting Puckett visitation on alternating weekends and each Wednesday evening. Additionally, Puckett was allowed extended time with the children during summer and Christmas vacations.

On appeal, Puckett argues he should have been awarded more time with the children. He further asserts the magistrate abused its discretion because the magistrate's conclusions were erroneous and not supported by substantial and competent evidence. Decisions concerning the care, custody, and education of minor children are committed to the sound discretion of the magistrate and, in the absence of a clear abuse of discretion, the magistrate's judgment will not be disturbed on appeal. *Silva v. Silva*, 142 Idaho 900, 904, 136 P.3d 371, 375 (Ct. App. 2006). An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by a particular custody award or modification. *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004). When a magistrate's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). We will address each of the three prongs in turn.

**A.      The Magistrate Correctly Perceived the Issue as One of Discretion**

Here, the magistrate recognized the issue was one of discretion. In its findings of fact and conclusions of law, the magistrate properly explained that its decision regarding custody of

3

minor children is discretionary. There is no evidence to suggest the magistrate perceived the issue otherwise.

**B.     The Magistrate Acted Within the Boundaries of Such Discretion and Consistently With the Applicable Legal Standards**

Puckett argues the magistrate abused its discretion in this case. While Puckett may disagree with findings of the magistrate, the magistrate's custody determination was supported by substantial and competent evidence. The magistrate considered each of the I.C. § 32-717 factors. After considering the conflicting evidence, the magistrate made findings of fact on each factor. Each of the magistrate's findings is supported by substantial and competent evidence.

**1.     The wishes of the child's parent or parents as to his or her custody**

Each parent expressed his or her wishes regarding the custody arrangement. The magistrate found Wozniak's wishes were consistent with the historical roles of each parent, were more realistic, and were therefore given greater weight. On appeal, Puckett responds that he was involved in the lives of his children since their birth. Puckett explains how he became a stay-at-home father after the birth of the first child and also cared for the second child for several months. While Puckett admits he was away from the family for several construction jobs, Puckett claims this out-of-state work amounted to only six weeks away from the children in 2010, twelve weeks away in 2011, two weeks away in 2013, and eight weeks away in 2015. Wozniak and her mother presented testimony that conflicted with Puckett's assertions.

Puckett fails to show the magistrate erred in its analysis. If the trial court's factual findings are supported by substantial, though conflicting, evidence in the record, they must be accepted on appeal. *Jensen v. Jensen*, 124 Idaho 162, 164, 857 P.2d 641, 643 (Ct. App. 1993). Although Puckett provides evidence that he was involved in the upbringing of the two children, this does not demonstrate the magistrate erred. Instead, Puckett asks this Court to make its own factual findings, which we decline to do. First, there is no evidence the magistrate ignored or disregarded the extent to which Puckett shared child care responsibilities. While there were times Puckett cared for the children and Wozniak worked, there is also evidence that Puckett was away from the family for months at a time. Second, to the extent there was conflicting evidence as to the time Puckett spent with the children, the magistrate was in the best position to weigh credibility and resolve the dispute. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We defer to the magistrate for its determinations, and Puckett has not

4

presented evidence that the magistrate erred in deciding the wishes of each parent in this custody determination.

### 2. The wishes of the children as to their custodian

Because the children's wishes were unknown, the magistrate determined the second factor had no weight. This factor is not challenged by Puckett on appeal.

### 3. The interaction and interrelationship of the children with their parents and siblings

For the third factor, the magistrate concluded that the children look to their mother for their daily needs. According to the magistrate, Puckett gave the appearance of an involved parent, but there was no testimony to provide perspective as to the nature of Puckett's parenting. The magistrate also determined Puckett's recent behavior was confusing to the children. We determine there is substantial and competent evidence to support the magistrate's findings.

Puckett claims the magistrate's conclusions are one-sided and erroneous for four reasons. First, Puckett contends there was no testimony that Puckett only maintained an outward appearance of an involved parent. Next, Puckett argues the magistrate erred when it rejected the analysis of Puckett's character witnesses, who testified regarding their relationship with Puckett prior to the divorce filing. Third, Puckett asserts the magistrate erred when it ruled the children only look to Wozniak for their daily needs. Finally, Puckett argues he and Wozniak provided for the children and there was no evidence the children were confused by Puckett's recent behavior.

In response, Wozniak asks this Court to affirm the magistrate's findings. First, Wozniak cites testimony that Puckett struggled as a parent and was absent from day-to-day parental care as evidence that Puckett gave only an outward appearance of being an involved parent. Next, Wozniak notes how Puckett's witnesses focused only on recent occasions and failed to acknowledge periods of non-involvement. Wozniak also contends the magistrate was correct in its evaluation of the testimony from Puckett's witnesses, since one witness provided inaccurate testimony and the other witness knew Puckett for less than a year. Furthermore, Wozniak claims Puckett misrepresented the magistrate's holding, since the magistrate did not rule that the children *only* look to Wozniak for their daily needs. Finally, Wozniak explains how, contrary to Puckett's position, there was evidence at trial of Puckett's changing behavior and how it confused the children.

We determine there is substantial and competent evidence to support the magistrate's findings. First, although there is conflicting testimony as to whether Puckett privately struggled

5

as a parent, the magistrate's finding was with regard to the way Puckett parented while around others. The magistrate's finding was not critical of Puckett's parenting, as Puckett argues on appeal. Furthermore, the testimony from Puckett's witnesses support the magistrate's finding that Puckett maintained an appearance of an involved parent when others were around. Because the magistrate considered the testimony of the witnesses and made a finding consistent with the evidence presented at trial, we see no error on this issue.

Second, the magistrate did not abuse its discretion when it concluded: "Although the court respects the testimony of [Puckett's] friends, it is noteworthy that none of them were able to give any perspective as to the nature of parenting they observed prior to [Wozniak] deciding she wanted a divorce." Puckett claims this finding is completely erroneous and unsubstantiated; we disagree. The magistrate's ruling focused on the relationship between the children and their parents. As support for its ruling, the magistrate declared it did not believe Puckett's witnesses testified sufficiently regarding the nature of Puckett's parenting. It is unclear whether this conclusion was the result of the credibility of the witnesses, or whether the magistrate believed the testimony dealt only with events such as school pickups or weekend camping trips. Nonetheless, it was not error for the magistrate to consider the witnesses' testimony and determine that the witnesses failed to provide a worthwhile perspective on the nature of Puckett's parenting.

Third, Puckett misstates the magistrate's holding. The magistrate did not conclude, as Puckett claims, the children "only" look to Wozniak for their daily needs. The magistrate instead ruled: "While the children love [Puckett], they look to their mother to care for their daily needs." Puckett posits his argument in relation to an inaccurate holding and, thus, fails to show error on this issue. We therefore do not determine the magistrate erred when it held that the children look to their mother for their daily needs.

Lastly, there is evidence of Puckett's changing behavior, which confused the children. Although Puckett has helped take care of the children, this does not respond to the magistrate's finding the Puckett has changed his behavior. Furthermore, Wozniak testified that, after she indicated she wanted a divorce, Puckett saw much more of the children at home, at the park, and at swim lessons. Wozniak testified that this change in behavior was stressful for the children and they asked why he was acting that way. We are therefore not persuaded by Puckett's claims that there was no evidence to support the magistrate's findings.

6

Since substantial and competent evidence supports the magistrate's findings, we cannot determine the magistrate abused its discretion in considering the evidence of the parents' involvement with the daily needs of the children. Puckett has not shown the magistrate erred in considering the evidence at trial, even if some evidence is conflicting. There was substantial and competent evidence upon which the magistrate could conclude Wozniak, and not Puckett, primarily provided for the children's daily needs.

### 4. The children's adjustment to their home, school, and community

As to the fourth factor, the magistrate found that Wozniak is the parent who has consistently been present for the children and is the reason the children are well-adjusted to their school and daycare. The magistrate concluded Puckett is sporadic in his care and failed to provide emotional stability.

Puckett argues this factor weighs in his favor because he was involved in the children's lives since their birth and is regularly involved with the children at their school. Although there is evidence Puckett has been involved throughout the children's upbringing, the magistrate found that Puckett provided inconsistent care for the children for extended periods of time. In contrast, Wozniak established she has consistently been present for the children and provides emotional support for them, which is not disputed by Puckett. We conclude there is substantial and competent evidence to support the magistrate's findings on this factor.

### 5. The character and circumstances of all individuals involved

The magistrate determined the fifth factor weighed in favor of Wozniak, since Puckett was violent with Wozniak, threatened neighbors, threatened to harm the children, and threatened to harm himself.

Puckett disagrees with the magistrate's opinion and argues Wozniak failed to prove all of her allegations regarding Puckett's character. Puckett asserts he specifically and unequivocally denied all of the accusations, and he provided evidence of being a loving and dedicated father to the two children.[1]

---

[1] Puckett also argues the magistrate abused its discretion by not considering a mental health evaluation of Puckett, which was ordered but not completed prior to trial. First, it was Wozniak who made the motion for a mental health evaluation. Second, Puckett's trial counsel did not object when the magistrate determined it had enough information at trial and closed the evidence before the mental health evaluation was admitted. Third, we cannot speculate as to what the mental health evaluation would have shown, and Puckett presents no evidence why the

7

More than any other factor, there is conflicting evidence regarding the character and circumstances of the parties. Puckett refuted the character evidence presented against him at trial, and on appeal Puckett challenges the magistrate's findings regarding his character. As previously explained, we must accept the trial court's findings if they are supported by substantial, though conflicting, evidence. *Jensen*, 124 Idaho at 164, 857 P.2d at 643. Furthermore, we give great deference to the magistrate's decisions because the magistrate is in a unique position to judge the credibility of the witnesses and analyze the importance of the testimony. *See Hoskinson*, 139 Idaho at 456, 80 P.3d at 1057. In this case, there was substantial information regarding Puckett's violence with Wozniak and Puckett's threats to the neighbors, which support the magistrate's findings. There is also evidence of a potential threat by Puckett to harm the children and to harm himself which, although denied by Puckett at trial, helps support the magistrate's determination that the character factor weighs in favor of Wozniak. The magistrate's findings on this factor are supported by substantial and competent evidence.

### 6.    The need to promote continuity and stability in the life of the children

The magistrate determined that the sixth factor weighed in favor of Wozniak. The magistrate explained Wozniak has historically been the primary caregiver and is best able to provide continuity and stability, while Puckett was not involved during the first several years of the children's lives. Puckett claims the record demonstrates how both parents have been the primary caregivers for the children, and Puckett was involved with the children since their birth.

Substantial and competent evidence supports the magistrate's findings for this factor. The record shows Wozniak has provided continuity and stability to the children's lives. Similarly, the record shows Puckett was, on multiple occasions, out of the state for extended periods due to work and school. Because Puckett cared for the children following their birth, it was inaccurate for the magistrate to determine Puckett was entirely uninvolved the first several years of the children's lives. Nonetheless, because there is evidence to support the magistrate's findings, Puckett has failed to prove the magistrate erred in this finding.

---

magistrate was required to consider the mental health evaluation. Therefore, we cannot determine the magistrate erred in this regard.

**7. Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the children**

Finally, the magistrate found the seventh factor was neutral, since there was no domestic violence that rose to the level required by statute. Puckett does not challenge this decision on appeal, and it does not apply to our analysis in this case.

After reviewing the magistrate's decisions on each of the seven factors, as well as Puckett's response on appeal, we conclude the magistrate's custody determination was supported by substantial and competent evidence. Of the five relevant factors, the magistrate found that all five weighed in favor of Wozniak. While Puckett presents evidence that he was involved in raising the children, this does not establish that the magistrate erred regarding any factor. Additionally, there is substantial and undisputed evidence of Wozniak's consistency and stability as a parent, which influenced the magistrate's decision.

**C. The Magistrate Reached Its Decision by an Exercise of Reason**

The magistrate made the necessary findings of fact in this case regarding Wozniak and Puckett. The magistrate then applied the findings of fact to the applicable law and considered the best interests of the children before making a custody determination. Pursuant to the factors of I.C. § 32-717, the magistrate determined the best interests of the children were served by the parties sharing joint legal and physical custody of the two minor children, with Wozniak having primary physical custody and Puckett having frequent and continuing contact. In doing so, the magistrate made its decision by an exercise of reason, and thus, we see no error in this regard. Puckett has failed to establish any error as to the magistrate's factual findings, and Puckett has not proven the magistrate abused its discretion. Therefore, we affirm the magistrate's order regarding custody and child support.

**D. Wozniak Is Not Entitled to Attorney Fees**

Wozniak requests that this Court award her attorney fees, pursuant to Idaho Appellate Rule 41, I.C. § 12-120, and I.C. § 12-121. This Court will not award attorney fees "if the losing party brought the appeal in good faith and presented a genuine issue of law." *Clearwater REI, LLC v. Boling*, 155 Idaho 954, 962, 318 P.3d 944, 952 (2014). In normal circumstances, this Court will only award attorney fees if we are left with the abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Id.*

We determine Wozniak is not entitled to attorney fees in this case. Puckett brought the appeal based on a good faith belief that the magistrate abused its discretion regarding the custody

9

of two children.  Based on the facts of this case, we are not left with an abiding belief that the appeal was pursued frivolously, unreasonably, or without foundation.  Attorney fees are therefore not appropriate.

## III.

## CONCLUSION

Because substantial and competent evidence supports the magistrate's findings, we affirm the magistrate's judgment on custody and child support.  Costs, but not attorney fees are awarded to Wozniak.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.